F I L E D
United States Court of Appeals
Tenth Circuit

**March 28, 2006**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

v.

JOSE MARQUEZ-OLIVAS,

Defendant-Appellant.

No. 05-2107

(D. New Mexico)

(D.C. No. CR-04-2338-LH)

ORDER AND JUDGMENT[*]

Before **EBEL, McKAY**, and **HENRY**, Circuit Judges.[**]

Jose Marquez-Olivas was convicted after a guilty plea of illegally

reentering the United States after deportation and conviction of an aggravated

felony, a violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). Prior to sentencing,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

he filed a motion for downward departure based upon cultural assimilation, exceptional family circumstances, and his status as a deportable alien.

The district court declined to depart from the Guideline range. The court adopted the factual findings and Guideline applications of the presentence report and sentenced Mr. Marquez-Olivas to 57 months' imprisonment, the low end of the Guideline range. Mr. Marquez-Olivas now appeals, arguing that his sentence was unreasonable under the advisory sentencing scheme established by United States v. Booker, 543 U.S. 220 (2005), which was issued prior to the district court's sentencing proceedings.

"[A] sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." United States v. Kristl, 437 F3d 1050, 1054 (10th Cir. 2006). Either the government or the defendant may rebut the presumption "by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in [18 U.S.C.] § 3553(a)." Id.

Here, Mr. Marquez-Olivas argues that his 57 month sentence is unreasonable because he is "culturally an American." Aplt's Br. at 4. That contention merely repeats the arguments he made in support of his motion for downward departure and is insufficient to overcome the presumption of reasonableness that we must apply to a properly calculated sentence within the Guideline range.

As the government observes, several courts have concluded that only in extraordinary circumstances may a defendant's cultural assimilation warrant a sentence outside the Guideline range. See, e.g., United States v. Rivas-Gonzalez, 365 F.3d 806, 812 (9th Cir. 2004) (stating that "[a downward] departure for cultural assimilation, like a departure for family ties [may be] granted only in extraordinary circumstances) (internal quotation marks omitted); United States v. Bautista, 258 F.3d 602, 607 (7th Cir. 2001) (concluding that a downward departure on the grounds of cultural assimilation "would be akin to one based on 'family ties'--a discouraged factor that is grounds for departure only in extraordinary circumstances)." Mr. Marquez-Olivas has failed to establish that such extraordinary circumstances are present here. Moreover, the record indicates that the presentence report considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) and that the district court reviewed the report before sentencing Mr. Marquez-Olivas at the bottom of the Guideline range.

We therefore conclude that Mr. Marquez-Olivas's sentence was reasonable and we AFFIRM the district court's decision.

Entered for the Court,

Robert H. Henry
Circuit Judge

-3-