**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRESCENCIO MUNOZ-ORTIZ,

Defendant-Appellant.

No. 05-2324
(D.C. No. CR-05-1218 JP)
(Dist. N.M.)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Crescencio Munoz-Ortiz appeals the district court's imposition of a sentence of 37 months subsequent to his pleading guilty to illegally reentering the United States after deportation for a previous conviction for an aggravated felony. We affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On April 2, 2005, United States Border Patrol Agents encountered Mr. Munoz-Ortiz at the Santa Teresa port of entry in Dona Ana County, New Mexico. An investigation of Mr. Munoz-Ortiz's history established that he was deported to Mexico on July 12, 2003, and had been convicted of the felony of committing or attempting a lewd act upon a child in South Carolina on May 30, 1996. Mr. Munoz-Ortiz was then arrested and later pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(b)(2). The United State Probation office prepared a presentence report (PSR) calculating a sentence range based on the United States Sentencing Guidelines. The PSR assigned a base offense level of 8 for illegal reentry and recommended a 16 level enhancement pursuant to U.S.S.G. 2L1.2(b)(1)(A) for Mr. Munoz-Ortiz's prior conviction for a lewd act upon a child under South Carolina law. The PSR further recommended a 3 level reduction in the offense level for acceptance of responsibility. The resulting offense level of 21, in conjunction with a criminal history category of I, resulted in a guidelines sentencing range of 37 to 46 months.

In response to the PSR, Mr. Munoz-Ortiz filed a sentencing memorandum requesting a reduction in the sixteen-level enhancement. He argued that under *United States v. Booker*, 543 U.S. 220 (2005), the district court was required to consider the factors set forth in 18 U.S.C. § 3553(a), and that those factors warranted a sentence below the guideline sentencing range. Mr. Munoz-Ortiz argued that his pure motives for reentry, to "resume his role as father and provide

a stable environment for his children," and his voluntary disclosure of the actions that led to his sole felony conviction call for a sentence below the Guidelines range. Rec. vol. II at 4. He specifically stated that his reasons for re-entry were not "solely to find work," but were focused on remedying his wife's struggles to raise their three children in the United States. *Id.* at 9. Counsel for Mr. Ortiz-Munoz reiterated these arguments at the sentencing hearing, and claimed his client's case is "outside the heartland of cases that typically might come before this Court." Rec. vol. IV at 11. The district court subsequently imposed a sentence of 37 months, the bottom of the guideline range recommended by the PSR.

On appeal, Mr. Munoz-Ortiz contends the district court's imposition of a sentence at the bottom of his guideline range was substantively unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and the factors outlined in 18 U.S.C. § 3553(a). Specifically, he claims that the "nature and circumstances of the offense and the history characteristics of the defendant weigh heavily in favor of a lesser sentence," and were not properly taken into account by the district court. Aplt. Br. at 17.

"Under Booker, we are required to review district court sentencing decisions for 'reasonableness.'" *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). In *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006), we announced a two-step approach to review the procedural and substantive

-3-

components of sentences post-*Booker*. First, if challenged, we consider whether the district court properly calculated the defendant's guidelines sentence and considered the factors set forth in 18 U.S.C. § 3553(a). *United States v. Sanchez-Juarez*, 446 F.3d 1109, (10th Cir. 2006); *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). If the district court properly determined the guidelines sentence, we then determine whether the sentence imposed is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *Kristl,* 437 F.3d at 1054-55. Sentences imposed within the advisory guideline range are presumed reasonable. *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the . . . sentencing factors laid out in § 3553(a)." *Id.* at 1055.

Mr. Munoz-Ortiz neither challenges the district court's calculation of the guidelines nor asserts the § 3553(a) factors were not considered by the district court. Therefore, his within guidelines sentence is "entitled to a rebuttable presumption of reasonableness." *Id.*, 437 F.3d at 1054. To rebut this presumption, Mr. Munoz-Ortiz must demonstrate "that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.*

Mr. Munoz-Ortiz seeks to rebut this presumption by contending his motive for illegally crossing the border, namely, to alleviate his family's hardship, warrants a lower sentence. At the sentencing hearing, Mr. Munoz-Ortiz presented the district court with an oral recounting of the suggested mitigating factors

presented in his sentencing memorandum. The court noted that it had "considered all [the] information" presented by the government and Mr. Munoz-Ortiz, and was aware that family issues in this case represented "another sad situation." Rec. vol. IV at 12, 15. The court, however, was unpersuaded that "a sentence outside the guidelines would be justified" in this case. *Id.* at 15. There is nothing to indicate that the court's consideration of the factors of §3553(a), including the "the history and characteristics of the defendant" that created this "sad situation," was unreasonable. *See* 18 U.S.C. § 3553(a)(1). The court considered the relevant factors required by § 3553(a) and the circumstances of this case, and we cannot say it acted unreasonably in rejecting Mr. Munoz-Ortiz's request for a lower sentence.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge