**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff – Appellee,

v.

LORENZO LUGO-BALDERAS,

　　Defendant – Appellant.

No. 06-2362
(D.C. No. CR-06-1026-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Lorenzo Lugo-Balderas appeals his sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a)(1), (a)(2), (b)(2). We **AFFIRM** Lugo-Balderas' sentence and **DISMISS** the appeal.

**I**

On November 11, 2005, agents from the Bureau of Immigration and Customs Enforcement ("ICE") encountered Lugo-Balderas while he was in a county detention center in Albuquerque, New Mexico on a misdemeanor warrant.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lugo-Balderas was previously convicted of felony sexual misconduct with a minor and was deported to Mexico. He is a Mexican citizen and did not have permission to reenter the United States. On February 15, 2006, Lugo-Balderas pled guilty to the state misdemeanor and was released into ICE custody the next day.[1] On September 1, 2006, he pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a)(1), (a)(2), (b)(2). The indictment stated that he had been found in the United States on February 16, 2006, the day that he entered ICE custody.

Lugo-Balderas' amended Presentence Report ("PSR") correctly calculated an offense level of 21 and a criminal history category of V. Under the Guidelines, he received a base offense level of eight for illegal reentry and a 16-level enhancement for a prior conviction of a crime of violence. U.S.S.G. § 2L1.2(a), (b)(1)(A). He received a three-level reduction for acceptance of responsibility. § 3E1.1. In addition to his conviction for sexual misconduct with a minor, Lugo-Balderas' criminal history includes misdemeanors for driving under the influence of alcohol, resisting law enforcement, and battery. His criminal history totaled 12 points, placing him in criminal history category V. § 5A. An offense level of 21 combined with a criminal history category of V resulted in an advisory Guidelines range of 70 to 87 months' imprisonment.

---

[1] Lugo-Balderas was sentenced to 182 days in jail with 61 days suspended. This sentence equaled time served.

Lugo-Balderas was sentenced to 70 months' imprisonment. He now appeals that sentence.

## II

We review a sentence for reasonableness. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. Id. at 1055. Legal determinations made by the district court are reviewed de novo and factual findings are reviewed for clear error. United States v. Serrata, 425 F.3d 886, 906 (10th Cir. 2005).

Lugo-Balderas admits that his criminal history calculation was correct. He claims the sentence is unreasonable because the PSR overstated his criminal history in two ways. First, because Lugo-Balderas technically was found in the United States one day after his release from state custody, he received two criminal history points for reentry less than two years after release for imprisonment on a sentence. Second, he argues that the district court failed adequately to consider his troubled childhood and problems with alcohol.

Lugo-Balderas has done nothing to overcome the presumption of reasonableness afforded his sentence. Kristl, 437 F.3d at 1055. Even without that presumption, we conclude that a 70-month sentence is reasonable under the circumstances. Even if his criminal history were reduced by two points, Lugo-Balderas would still receive a criminal history category of V. During the sentencing hearing, the district court took notice of his troubled past. Finally,

Lugo-Balderas requested a reduced criminal history category of IV, with a sentencing range of 57 to 71 months, and his 70-month sentence falls within that range.

**III**

We **AFFIRM** the district court's sentence and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge