F I L E D
United States Court of Appeals
Tenth Circuit

February 17, 2006

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KURT A. KRISTL,

      Defendant - Appellant.

No. 05-1067

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D. Ct. No. 04-CR-335-F)**

Scott T. Varholak, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender for the District of Colorado, Denver, Colorado, appearing for Appellant.

James C. Murphy, Assistant United States Attorney (William J. Leone, Acting United States Attorney, and Mary Jo Menendez, Assistant United States Attorney, with him on the brief), Office of the United States Attorney for the District of Colorado, Denver, Colorado, appearing for Appellee.

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY** and **HARTZ**, Circuit Judges.

**PER CURIAM**

Defendant-Appellant Kurt A. Kristl was charged with and pleaded guilty to

knowingly possessing a firearm after having been convicted of a felony in violation of 18

U.S.C. § 922(g)(1). The district court determined that the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range was 24–30 months and sentenced him to 28 months' incarceration. On appeal, Mr. Kristl argues that the district court erroneously calculated his criminal history category, thereby rendering his sentence unreasonable under *United States v. Booker*, 125 S. Ct. 738 (2005). We take jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and reverse and remand.

## I. BACKGROUND

Mr. Kristl pleaded guilty to being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). In calculating his sentence under the Guidelines, the presentence report ("PSR") accounted for several of Mr. Kristl's prior offenses for which he had received sentences of imprisonment. Specifically, the PSR recommended that Mr. Kristl be assigned three criminal history points based on his attempted possession and sale of a controlled substance, two points each for two separate offenses involving driving with a suspended license, three points stemming from a burglary, one point for an assault, and one point for driving under the influence. *See* U.S.S.G. § 4A1.1(a)–(c) (2004). In addition, because the federal firearm violation was committed within two years of Mr. Kristl's release from custody on one of the driving offenses, the PSR recommended that two more points be added to Mr. Kristl's criminal history score. *See* U.S.S.G. § 4A1.1(e). These fourteen points put Mr. Kristl in criminal history category VI, which, when combined with an offense level of 10, resulted in a Guidelines range of 24–30 months' imprisonment. On January 28, 2005, two weeks after the Supreme Court's decision in

*Booker*, the district court adopted the recommendation of the PSR over Mr. Kristl's objection and sentenced him to 28 months' incarceration.

On appeal, Mr. Kristl argues that the district court erred in determining the applicable Guidelines range because the controlled substance offense warranted only one, rather than three, criminal history points. He also argues that he should only have been assigned one point, rather than two, for one of his convictions for driving on a suspended license. Finally, Mr. Kristl argues that the district court erred in applying the § 4A1.1(e) enhancement because the predicate offense—the aforementioned driving offense—did not involve a sentence of imprisonment counted under U.S.S.G. § 4A1.1(a) or (b). Had the district court properly considered these prior convictions, Mr. Kristl contends, he would have had a criminal history score of IV, and the applicable Guidelines range would have been 15–21 months. Mr. Kristl maintains that this error renders his sentence unreasonable in light of *Booker* and his case should therefore be remanded.

## II. DISCUSSION

A.      Standard of Review After *United States v. Booker*

In *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the Guidelines to judge-found facts (other than a prior conviction) violates the Sixth Amendment. 125 S. Ct. at 749–50. Rather than declare the Guidelines unconstitutional, however, the Court excised the provision of the federal sentencing statute that made the Guidelines mandatory, 28 U.S.C. § 3553(b)(1), effectively making the Guidelines advisory. The Court also excised 28 U.S.C. § 3742(e),

-3-

which set forth the standard of review on appeal, and held that the proper standard of review for sentences imposed post-*Booker* is "reasonableness." *See Booker*, 125 S. Ct. at 764–66. Given that this court is considering for the first time a sentence imposed after *Booker*, we now delineate the contours of this newly pronounced standard of review. *See United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005) (declining to review for reasonableness when the district court had not sentenced the defendant under the new, discretionary regime).

Reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a), *see Booker*, 125 S. Ct. at 766, which include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment, *see* 18 U.S.C. § 3553(a)(1)–(2). Significant to our discussion, the now-advisory Guidelines are also a factor to be considered in imposing a sentence, which means that district courts "must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S. Ct. at 767 (citing 18 U.S.C. §§ 3553(a)(4) and (5) (Supp. 2004)); *see also United States v. Gonzalez-Huerta*, 403 F.3d 727, 748–749 (10th Cir. 2005) (stating that *Booker* "requires a sentencing court to consider Guidelines ranges"). Although this court has not had the opportunity to decide the issue prior to today, several of our sister circuits have held that a sentence that falls within the properly calculated Guidelines range is presumptively reasonable after *Booker*. *See, e.g.*, *United States v. Williams*, — F.3d —, 2006 WL 224067 at *1 (6th Cir. 2006); *United States v.*

-4-

*Alonzo*, — F.3d —, 2006 WL 39119 at *3 (5th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005).

Explaining the rationale underlying its holding, the Seventh Circuit in *United States v. Mykytiuk* reasoned that by requiring district courts to continue to refer to the Guidelines, the Supreme Court arguably expected many sentences to reflect the results of the proper application of the Guidelines. *See Mykytiuk*, 415 F.3d at 607. The *Mykytiuk* court went on to note that not every sentence within the Guidelines should conclusively be deemed reasonable because such a scheme would run afoul of one of the primary holdings of *Booker* itself—that the Guidelines are merely advisory. *See id.* Nevertheless, because "[t]he Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country," the court held that the most appropriate way to express the function of appellate review after *Booker* "is to acknowledge that any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Id.* at 608*; see also United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005) (concluding that the defendant's sentence "was within the guidelines range . . . and, as a result, we think that it is presumptively reasonable"); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) ("[I]t will be rare for a reviewing court to say [a sentence within the Guidelines] is 'unreasonable.'").

This court, too, has consistently emphasized, even post-*Booker*, that "the purpose of the Guidelines [is] to promote uniformity in sentencing so as to prevent vastly

divergent sentences for offenders with similar criminal histories and offenses." *Gonzalez-Huerta*, 403 F.3d at 738. Therefore, in light of this purpose, as well as the Supreme Court's instruction that district courts continue to consider the Guidelines after *Booker*, we join our sister circuits and hold that a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. This is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a). *See Mykytiuk*, 415 F.3d at 608.

We note that this new standard of review—that of "reasonableness"—does not displace the oft-cited principle that in considering the district court's application of the Guidelines, we review factual findings for clear error and legal determinations de novo. *See United States v. Serrata*, 425 F.3d 886, 906 (10th Cir. 2005); *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005) ("Post-*Booker* we continue to review the court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error."); *United States v. Weisser*, 417 F.3d 336, 346 (2d Cir. 2005) ("When reviewing a district court's application of the Guidelines in the post-*Booker* era, we examine questions of law *de novo* and issues of fact for clear error."). Rather, we first apply the latter two standards to determine whether the district court correctly determined the applicable Guidelines sentence under § 3553(a)(4)—at least when, as in this case, that issue is presented on appeal. Therefore, if we determine under the appropriate standard of review that the district court correctly determined the relevant Guidelines range, and if the

defendant was subsequently sentenced to a term of imprisonment within that range, then the sentence is entitled to a rebuttable presumption of reasonableness on appeal.

A different approach, however, is warranted when the district court errs in applying the Guidelines. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) (*Booker*'s requirement that district courts consult the Guidelines "obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). In that situation, we must remand—without reaching the question of reasonableness—unless the error is harmless. *Cf. United States v. Riccardi*, 405 F.3d 852, 872 ("[w]e assume for purposes of this case that if a district court makes a mistake of law in consulting and applying the Guidelines, this mistake would warrant a remand); *United States v. Jeppeson*, 333 F.3d 1180, 1182 (10th Cir. 2003) (pre-*Booker*, finding harmless the district court's reliance on the improper Guidelines manual because relying on the correct manual would not have resulted in a different Guidelines range; declining to remand). This conclusion follows directly from the Supreme Court's decision in *Booker* to leave intact 18 U.S.C. § 3742(f)(1),[1] which mandates remand when the sentencing court errs in applying the Guidelines and the error affects the selection of the

---

[1] (f) Decision and disposition.—If the court of appeals determines that—
    (1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate . . . .

18 U.S.C. § 3742.

sentence imposed.  *See United States v. Williams*, 503 U.S. 193, 203 (1992); *see also United States v. Cantrell*, — F.3d —, 2006 WL 73483 at *7 (9th Cir. 2006) (adopting this approach after *Booker*); *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005) (same).  Moreover, the reasonableness standard of review set forth in *Booker* necessarily encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated.  *See Booker*, 125 S.Ct. at 766 (citing with approval *United States v. Tsosie*, 376 F.3d 1210, 1218–19 (10th Cir. 2004) (noting that the "reasonableness" hinged on whether the decision was both "reasoned and reasonable")).  A sentence cannot, therefore, be considered reasonable if the manner in which it was determined was unreasonable, i.e., if it was based on an improper determination of the applicable Guidelines range.

In sum, today we adopt a two-step approach to the reasonableness standard of review announced in *Booker*.  First, we must determine whether the district court considered the applicable Guidelines range, reviewing its legal conclusions de novo and its factual findings for clear error.  A non-harmless error in this calculation entitles the defendant to a remand for resentencing.  If, however, the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable.  The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a).

With this in mind, we turn to Mr. Kristl's sentence.

B.      Criminal History Category Points Under U.S.S.G. § 4A1.1

1.      *Mr. Kristl's Controlled Substance Conviction*

The PSR found that the Colorado state court imposed a two-year sentence in the custody of the Colorado Department of Corrections for Mr. Kristl's controlled substance conviction.  The district court adopted that finding and added three points to Mr. Kristl's criminal history under U.S.S.G. § 4A1.1(a), which instructs a court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month."  Mr. Kristl points out, however, that after he served a year of his Colorado sentence, the state court reconsidered the sentence under Colo. R. Crim. P. 35(b) (hereinafter "Rule 35(b)") and reduced his sentence to three years' probation, which typically warrants one criminal history point under U.S.S.G. § 4A1.1(c).[2]  Mr. Kristl argues that the federal district court erred in finding that the "sentence imposed" for Guidelines purposes was the initial two-year sentence instead of his reduced sentence of probation and that therefore he should have received only one criminal history point for this conviction.  Thus, the issue we must decide is whether a reconsidered sentence that was based on Rule 35(b) has any legal effect for purposes of determining a defendant's criminal history calculus under the Guidelines.  Because this is a legal question regarding the interpretation of the Guidelines, our review is de novo and we conclude that the district court erred.

Criminal history points assigned pursuant to § 4A1.1 "are based on the sentence

---

[2] U.S.S.G. § 4A1.1(c) instructs a court to "[a]dd 1 point for each prior sentence not counted in [§ 4A1.1(a) or § 4A1.1(b)] ."

pronounced, not the length of time actually served." *United States v. Holbert*, 285 F.3d 1257, 1263 (10th Cir. 2002) (citing U.S.S.G. § 4A1.2, cmt. n.2). In the instant case, the Colorado state court pronounced two sentences for Mr. Kristl's controlled substance conviction, namely the original sentence and the reconsidered sentence. However, under Colorado law, Mr. Kristl's original sentence was not a final sentence and did not survive reconsideration. Mr. Kristl's original sentence was reconsidered under Colorado Rule 35(b) which states:

> Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

Nothing in the plain language of the statute incorporating this rule indicates that the Colorado legislature in enacting the statute intended for an original sentence to survive reconsideration. The plain words of the statute show that in Colorado a criminal sentence is not final until the court has had an opportunity to review the sentence or defendant fails to move for reduction of sentence within 120 days after the original sentence was imposed. *See Ghrist v. The People of the State of Colorado*, 897 P.2d 809, 814 (Colo. 1995) (The timely filing of a 35(b) motion suspends finality of sentence while the court reconsiders the original sentence); cf. *People v. Smith*, 189 Colo. 50, 51, 536

-10-

P.2d 820, 822 (1975) (explaining that Crim. P. 35(a), the precursor to Crim. P.35(b), "suspends the finality of the conviction for a period of 120 days from the time sentence is imposed"). Therefore, once a Colorado state court has reviewed its sentence, the only outstanding sentence – the sentence imposed by the court – is the reconsidered sentence.[3]

The language of the Colorado court order resentencing Mr. Kristl establishes that the Colorado court intended for the reconsidered sentence to replace the originally imposed sentence. In resentencing Mr. Kristl, the Colorado court stated that Mr. Kristl was "resentenced" and makes no reference to any time served by Mr. Kristl in prison. Indeed, the Order does not even assert the correctness of the earlier sentence. Therefore, the court in resentencing Mr. Kristl effectively set aside the originally imposed sentence.[4]

---

[3] The Colorado Supreme Court has stated that a court may not authorize a sentence of imprisonment and a sentence of probation in the same instance. *See Montoya v. People*, 864 P.2d 1093, 1095 n.4 (Colo. 1993) (Colorado law "does not permit a court to impose a sentence of imprisonment, suspend that sentence, and then sentence a defendant to a term of probation. A court may either grant probation or impose a prison term; it may not authorize both in the same instance."). Consequently, under Colorado law, Mr. Kristl's two sentences for the controlled substance conviction – his original sentence and the reconsidered sentence – cannot co-exist at the same moment. Therefore, we conclude that the reconsidered sentence legally set aside the originally imposed sentence.

[4] The Government argues that by reconsidering Mr. Kristl's sentence of incarceration a year after its pronouncement, the Colorado court was effectively re-imposing a sentence of time served, followed by three years' probation. This result, the Government claims, is not different from imposing an indeterminate sentence of one to four years, where the defendant is released after one year and supervised for the remaining term. *See* Aplee. Br. at 19. However, contrary to the Government's assertion, a sentence of imprisonment of one year followed by three years' probation is very different from a sentence of imprisonment of one to four years in which defendant is released after one year and supervised for the rest of the term. Under the former, the defendant has a determinate sentence of one year of imprisonment which yields only one criminal history point, *see* U.S.S.G. § 4A1.1(c), whereas under the latter, the defendant

-11-

Because the reconsidered sentence is the final sentence imposed under Colorado law, we would ordinarily take that sentence to be the sentence pronounced for Guidelines purposes. However, we are not bound by a state's nomenclature in sentencing. Although the Colorado Supreme Court has stated that Rule 35(b) provides trial courts the opportunity to review a sentence to ensure it is properly imposed before it is final, *Mamula v. People*, 847 P.2d 1135 (Colo. 1993), it has also held that Rule 35(b) permits reduction of sentence based on a defendant's post incarceration conduct. *See Ghrist v. People*, 897 P.2d 809, 813 (Colo. 1995). This court has noted that receiving credit for good behavior in prison or for time spent awaiting trial, for example, does not affect the criminal history calculation under U.S.S.G. § 4A1.1. *United States v. Cruz-Alcala*, 338 F.3d 1194, 1199–1200 (10th Cir. 2003). Therefore, we hold that where the record shows that the reconsidered sentence is a reduction for good behavior, rather than a reduction because of reconsideration of the law and of the facts as they stood (although perhaps not on the record) at the time of the original sentence, the original sentence must be used for

has an indeterminate sentence which is construed to be the maximum sentence imposed and yields three criminal history points. *See* U.S.S.G. § 4A1.1(a).

In addition, nothing in the language of the Order resentencing Mr. Kristl permits us to conclude that the Colorado state court intended any other result than replacing the originally imposed sentence. Moreover, the Guidelines make clear that the criminal history points assigned pursuant to § 4A1.1 "are based on the sentence pronounced, not the length of time actually served." *United States v. Holbert*, 285 F.3d 1257, 1263 (10th Cir. 2002) (citing U.S.S.G. § 4A1.2, cmt. n.2). Considering the explicit Guidelines statement and that the originally imposed sentence was not a final sentence under Colorado law, we are not persuaded that the time served by Mr. Kristl in prison is of any significance in determining his criminal history point.

criminal history purposes.

The record in this case indicates that the prosecutor originally stipulated to a sentence of probation for Mr. Kristl. Mr. Kristl, however, failed to appear at his sentencing hearing. The court subsequently imposed a two-year term of imprisonment. After Mr. Kristl filed a Colorado Rule 35(b) motion, the court reconsidered his sentence and imposed probation. Even though this may suggest that the Colorado state court later decided that the sentence of probation originally stipulated to by the prosecutor was appropriate for the conviction, the record is insufficient for us to determine the basis for the state court's reconsideration.

Considering that Mr. Kristl's original sentence was not a final sentence under Colorado law, and considering that the district court did not find that Mr. Kristl's sentence was reconsidered by the Colorado state court merely for good behavior, we conclude that the district court erred in adding three criminal history points under § 4A1.1(a) for Mr. Kristl's controlled substance conviction. Since the Government is seeking additional criminal history points based on this sentence, it has the burden of demonstrating that Mr. Kristl's sentence was reconsidered merely for good behavior. *See United States v. Bass*, 411 F.3d 1198, 1209 (10th Cir. 2005) (The Government maintains the burden of proving facts that may increase the sentence). *See also United States v. Gatewood*, 370 F.3d 1055, 1059 (10th Cir. 2004) (The burden of proof is generally allocated to the Government for sentence increases).

 2. *Driving with a Suspended License Conviction*

Mr. Kristl also argues that the district court assigned excessive points to one of his convictions for driving with a suspended license. For this conviction, too, the district court adopted the PSR's finding that in January 2003, Mr. Kristl was sentenced to ninety days' incarceration, with eighty of those days to be served on home detention. He argues that the Colorado court, after sentencing him to ninety days' incarceration, later reconsidered that sentence and reduced it to only fifty-nine days.

The record reveals, however, that Mr. Kristl's sentence never was, in fact, reduced to fifty-nine days. After Mr. Kristl served his ten days in prison, he failed to appear for his home detention and was taken into custody to serve the remainder of his sentence. Some time thereafter, he filed a motion under Rule 35(b) requesting the court to permit him to serve the rest of his sentence on home detention, which the court granted. In this way, the court did not reduce Mr. Kristl's sentence from ninety days to fifty-nine days; rather, it simply changed the location in which Mr. Kristl was required to serve his sentence. The district court therefore properly added two criminal history points under § 4A1.1(b) for this conviction.[5]

C.    Remand

The district court determined that Mr. Kristl's criminal history category was VI

_____

[5] Because the district court properly applied § 4A1.1(b) to Mr. Kristl's driving conviction, and because that conviction was committed within two years of the federal firearms offense, Mr. Kristl's final argument that the § 4A1.1(e) enhancement was error is moot. *See* U.S.S.G. § 4A1.1(e) ("[a]dd two points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [§ 4A1.1(a) or § 4A1.1(b)]."

and that the offense level was 10. Based on this calculation, the Guidelines sentence was 24–30 months, and Mr. Kristl was sentenced to 28 months. However, the district court erred in adding three criminal history points for Mr. Kristl's controlled substance conviction without finding that the original sentence imposed by the Colorado state court was reconsidered merely for good behavior. Because we cannot conclude that this error is harmless, we remand for resentencing.

### III. CONCLUSION

The district court erred in adding three criminal history points under U.S.S.G. § 4A1.1 for Mr. Kristl's controlled substance conviction without finding that the original sentence for that conviction was reconsidered merely for good behavior. However, the court did not err in calculating Mr. Kristl's criminal history point for the driving with a suspended license conviction. Therefore, we REVERSE and REMAND for the district court to determine the basis for reconsideration of the sentence originally imposed for the controlled substance conviction and to compute Mr. Kristl's criminal history accordingly.