**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.                                                                      No. 05-2347

CHARLIE TOM, JR.,

Defendant-Appellee.

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-02-2277 MV)**

J. Miles Hanisee, Assistant United States Attorney (David C. Iglesias, United States Attorney, with him on the briefs), Albuquerque, New Mexico, for Plaintiff-Appellant.

Scott M. Davidson, Albuquerque, New Mexico, for Defendant-Appellee.

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

**EBEL**, Circuit Judge.

The United States appeals the sentence imposed by the district court on

Defendant-Appellee Charlie Tom for the murder of his infant son. It contends

that the award of a Guidelines sentencing range reduction based on Tom's acceptance of responsibility was inappropriate in light of Tom's challenge to the factual element of intent in the case against him. It further contends that the district court's decision to exercise its discretion under 18 U.S.C. § 3553(a) to vary by approximately 60% from the correct Guidelines sentencing range was unreasonable. We agree with the Government's first contention and decline to reach the second. Accordingly, we REVERSE and REMAND for resentencing.

## BACKGROUND

In August 2002, when Charlie Tom was four months past his eighteenth birthday, his 15-year-old girlfriend, H.B., gave birth to their son in the bathroom of her mother's trailer on the Navajo Reservation and, according to Tom, immediately told Tom that they had to kill the baby. She then cut the baby's throat with a knife Tom had brought from the trailer's kitchen to cut the umbilical cord, and Tom disposed of the body and murder weapon. After an investigation by the Federal Bureau of Investigation, Tom and H.B. were arrested for the baby's murder; H.B. pled guilty to first-degree murder under the Juvenile Delinquency Act.

Tom was indicted for one count of murder, in violation of 18 U.S.C. §§ 1111 and 1153. At trial, Tom testified that he had brought the murder weapon to H.B. and that he was present as she killed the baby. He further admitted cleaning up the scene of the murder and disposing of his son's body. However, both Tom,

in his trial testimony, and Tom's counsel, in closing, denied that Tom had the intent to kill his son required for a murder conviction. Tom's counsel repeatedly argued to the jury that Tom "didn't have the same intent that [H.B.] did" and that Tom "did not have the intent, under the aiding and abetting statute" necessary to support a conviction of murder. (App. at 566-67.) The jury acquitted Tom of first-degree murder, but it convicted him of second-degree murder on an aiding and abetting theory.

At Tom's sentencing, the Government argued the appropriate Guidelines sentencing range was between 168 and 210 months' imprisonment, based on an offense level of 35 and criminal history category I. The district court, which had previously sentenced H.B., instead adopted the Guidelines calculations provided in the presentencing report (PSR), which included a two-level reduction under § 3E1.1 of the U.S. Sentencing Guidelines (USSG) for acceptance of responsibility. The court granted the reduction despite the Government's objection that Tom had denied the element of malice aforethought at trial. The sentencing court then determined that the advisory sentencing range was 135 to 168 months' imprisonment. However, the court varied from this range, based on its evaluation of the factors under 18 U.S.C. § 3553(a), and sentenced Tom to 70 months' imprisonment and 3 years of supervised release.[1] This variance constitutes a 48

_____

[1]At the sentencing hearing, the district court indicated at different times that it was varying by the equivalent of six, seven, or eight levels. Including the

percent reduction from the bottom of the Guidelines range employed by the sentencing court and a 58 percent reduction from the bottom of the Guidelines range advocated by the Government at Tom's sentencing.

## DISCUSSION

In the wake of United States v. Booker, 543 U.S. 220 (2005), this court reviews the sentencing decisions of district courts under a reasonableness standard. See United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam). Reasonableness review comprises both "procedural and substantive components." United States v. Atencio, 476 F.3d 1099, 1102 (10th Cir. 2007). "To impose a procedurally reasonable sentence, 'a district court must calculate the proper advisory Guidelines range and apply the factors set forth in [18 U.S.C.] § 3553(a).'" United States v. Hildreth, 485 F.3d 1120, 1127 (10th Cir. 2007) (quoting Atencio, 476 F.3d at 1102). Thus, the first step of our reasonableness review is to "determine whether the district court considered the applicable Guidelines range . . . . A non-harmless error in this calculation entitles the defendant to a remand for resentencing." Kristl, 437 F.3d at 1055.

Substantively, our appellate review of the reasonableness of the sentence imposed "merely asks whether the trial court abused its discretion." Rita v.

---

§ 3E1.1 reduction in the calculation, Tom's offense level was 33; the district court thus actually varied downward to the equivalent of offense level 27, a difference of six levels. At this level, given Tom's criminal history category, the applicable sentencing range was 70 to 87 months' imprisonment.

United States, 127 S. Ct. 2456, 2465 (2007).  This review does presume that within-Guidelines sentences are reasonable.  Kristl, 437 F.3d at 1054; see Rita, 127 S. Ct. at 2463-68 (holding a presumption of reasonableness is permitted, but not required).  We do not, though, impose any presumption of unreasonableness in our review of sentences that fall outside the Guidelines.  See Rita, 127 S. Ct. at 2467; United States v. Valtierra-Rojas, 468 F.3d 1235, 1239 (10th Cir. 2006).  Instead, "the extremity of the variance between the actual sentence imposed and the applicable Guidelines range . . . determine[s] the amount of scrutiny" we apply in our substantive reasonableness review of such sentences.  United States v. Bishop, 469 F.3d 896, 907 (10th Cir. 2006).

The district court's jurisdiction over Tom arose under 18 U.S.C. § 1153(a), as the offenses charged against him occurred "within the Indian country."  We have jurisdiction over this appeal under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291.

## I.  USSG § 3E1.1 sentence reduction for acceptance of responsibility

Section 3E1.1 allows a district court to reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  But a defendant's decision to exercise his constitutional right to trial will commonly render him ineligible for a § 3E1.1 reduction.  See United States v. Salazar-Samaniega, 361 F.3d 1271, 1280-81 (10th Cir. 2004).  As the commentary to § 3E1.1 relates,

[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, cmt. 2. In this case, the Government contends that Tom, by proceeding to trial and claiming he lacked the requisite mens rea for guilt, contested the factual basis of the charge against him and thus is ineligible for the § 3E1.1 reduction, regardless of whether Tom admitted his participation in the events leading to his son's death. We agree.

When considering the calculation of a Guidelines sentencing range, "[w]e review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." United States v. Sims, 428 F.3d 945, 960 (10th Cir. 2005). "Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999); see Salazar-Samaniega, 361 F.3d at 1282.

Despite this deferential review, however, "[o]ur cases make . . . clear that acceptance of responsibility adjustments after trial are very rare," and in only one case, Gauvin, have we approved the practice. Sims, 428 F.3d at 961. In that case, "the defendant 'admitted to all the conduct with which he was charged' but 'simply disputed whether his acknowledged factual state of mind met the legal criteria of intent' required by the applicable statute." Id. (quoting Gauvin, 173 F.3d at 806). In contrast, we have repeatedly upheld denials of, and reversed awards of, § 3E1.1 reductions where defendants have challenged the factual element of intent. E.g., Salazar-Samaniega, 361 F.3d at 1281 (finding that a defendant who "argued at trial that the government did not present sufficient evidence to prove the factual element of intent" had thereby "forfeited his claim to an adjustment under § 3E1.1"); United States v. Hill, 197 F.3d 436, 446-47 (10th Cir. 1999) (denying a § 3E1.1 reduction to a defendant who maintained "that his conduct was innocent and without intention to [commit the charged crime]").

Tom does not fit into this narrow exception to the general rule that defendants who put the government to its burden of proof at trial are ineligible for the § 3E1.1 reduction. At trial, Tom sought acquittal of both first- and second-degree murder charges on the grounds that the government had failed to present sufficient evidence to overcome its burden of proof beyond a reasonable doubt

and that he lacked the mens rea requisite for each of these crimes.[2] Indeed, on appeal, Tom does not deny his challenge to this factual element of the government's case against him. Tom instead argues that "[i]t is sufficient for purposes of the sentencing adjustment under Section 3E1.1 for a defendant to accept *in substance* his involvement in the offense. That is what Mr. Tom did in this case . . . ." (Def.-Appellee Answer Br. at 12 (emphasis added).) Similarly, the district court found that the "trial testimony . . . clearly indicates that the defendant has admitted his conduct, not only at the time prior to trial, . . . but during the trial testimony, [when he] admitted his responsibility in the death of his son." (App. at 629.) Although attempting to explain instances of inconsistency in Tom's testimony by noting Tom's propensity to being led both by his own and the Government's counsel, the district court made no finding that Tom had admitted his intent to kill or that he had not controverted this element of the Government's case. By challenging the government on the issue of intent, Tom did not accept responsibility sufficiently to be entitled to a two-point reduction under § 3E1.1. Sims, 428 F.3d at 961.

---

[2]A charge of first-degree murder requires proof of premeditation, while second-degree murder requires malice aforethought. See 18 U.S.C. § 1111(a). "Malice, as defined for purposes of second degree murder, requires either: (1) general intent to kill, or (2) intent to do serious bodily injury; (3) depraved heart recklessness, or (4) a killing in the commission of a felony that is not among those specifically listed in the first degree murder statute." United States v. Visinaiz, 428 F.3d 1300, 1307 (10th Cir. 2005). The relevant intent here, denied by Tom, is the general intent to kill.

## II. Procedural unreasonableness and the nonharmless Guidelines miscalculation

"A sentence cannot . . . be considered reasonable if the manner in which it was determined was unreasonable, i.e., if it was based on an improper determination of the applicable Guidelines range." Kristl, 437 F.3d at 1055. We are required to remand such a sentence on procedural reasonableness grounds — "without reaching the question of [substantive] reasonableness — unless the error is harmless," that is, unless the error in calculating the Guidelines range did not affect the sentence selected. Id. That determination of harmlessness is not possible in this instance, however.

In this regard, we note the district court's several conflicting statements whether its variance from the applicable Guidelines range was the equivalent of an eight-, seven-, or six-level reduction in Tom's offense level. We cannot know what impact the initial two-level error in the district court's calculation of the advisory Guidelines range had on the ultimate sentence selected. Because the error is therefore not harmless, the sentence is procedurally unreasonable under Kristl; we thus are required to reverse and remand for resentencing.[3]

_____

[3]Even though we do not reach the question of the substantive reasonableness of Tom's sentence, we nonetheless harbor grave doubt that the rationale expressed by the district court for its variance from even the incorrectly calculated Guidelines range would suffice as justification under our precedents.

**CONCLUSION**

Because Tom proceeded to trial and, in so doing, contested the factual element of mens rea as a basis for acquittal, he was ineligible for the § 3E1.1 reduction for acceptance of responsibility. The district court erred in granting the reduction, and this error cannot be labeled harmless. Accordingly, we REVERSE and REMAND for resentencing.