**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YAMIL CHAHEINE, JR.,

Defendant - Appellant.

No. 07-2052

(D. New Mexico)

(D.C. No. 06-CR-1156-WJ)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Yamil Chaheine, Jr., pleaded guilty in the United States District Court for the District of New Mexico to possession with intent to distribute cocaine, *see* 21 U.S.C. § 841(b)(1). The district court sentenced him to 27 months' imprisonment and four years' supervised release. He appeals his sentence, contending that his sentence is procedurally unreasonable because at sentencing the court invoked the presumption of reasonableness declared in *United States v.*

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Kristl*, 437 F.3d 1050 (10th Cir. 2006). We agree with Mr. Chaheine that it would be error for the district court to rely on the presumption, but we conclude that Mr. Chaheine has failed to establish plain error. We therefore affirm.

Mr. Chaheine was sentenced on February 6, 2007. In imposing sentence, the district court began by noting that because of the amount of drugs involved the statutory minimum for Mr. Chaheine's offense was five years, but that he was eligible for a "safety valve" sentence below that minimum because of his criminal history, acceptance of responsibility, and cooperation. *See* United States Sentencing Guidelines (USSG) § 5C1.2. Under the Guidelines his base offense level was 26, *see* USSG § 2D1.1(c)(7); because he satisfied the safety-valve criteria his offense level was reduced by two levels, *see id*. § 2D1.1(b)(9); and the stipulated minimal-role adjustment reduced it by another three levels, *see id*. § 3B1.2. A three-level acceptance-of-responsibility reduction, *see id*. § 3E1.1, resulted in a total offense level of 18 and an advisory range of 27 to 33 months' imprisonment.

After explaining the above calculation the district court made the following comments:

> One thing about the guidelines in terms of the sentencing factors, one of the factors is the need to avoid unwarranted sentencing disparities among defendants with similar records who've been found guilty of similar conduct and that was . . . the goal that Congress had at the time it created the sentencing guidelines—or rather, the United States Sentencing Commission. And the rationale for promulgating these guidelines is so that one person sitting in a courtroom in

Albuquerque, New Mexico, does not have a significant or a great sentencing disparity with some defendant that's similarly situated for the same offense that's in a courtroom in Miami, Florida, or Los Angeles, California; in other words, some consistency, some uniformity so people are basically being treated the same for similar conduct.

Now, its noble and admirable that Mr. Chaheine wants to assist in raising his son and being a father for his son. And you know, oftentimes when a parent's incarcerated, the people that suffer the most are the kids and the family members. But if you start cutting or reducing somebody's sentence because they have a child, that it may pose a hardship, then you've got to do it for everybody, because virtually everybody that I see that's incarcerated has family out there. And that is what the sentencing commission has discouraged, is senten—you know, taking those into account, because again, if you start doing it for one, you've got to start doing it for everybody.

Also, in terms of the level of cooperation, I certainly—I can't criticize the defendant for not going through with the transaction, because he does have family in Mexico. And it may very well [be], based on what Mr. Gonzales said, that the threats and the intimidation that have occurred regarding the sister, I mean, had he gone through with that transaction, [he] possibly could have endangered the lives of those individuals he cares very much about.

But there are those individuals, defendants who go ahead and will undertake that kind of dangerous role, and then they get what's called the 5K or the substantial assistance. And again, I mean no criticisms toward Mr. Chaheine, but there is a distinction between acceptance of responsibility and providing the level of cooperation that he did provide compared to those defendants who will go ahead and—go ahead and go further with a transaction. And so his level of cooperation, while certainly it is admirable, it didn't rise to the level of a substantial assistance, and so that's another factor that I'm looking at.

So when I look at this, when I see that he was initially looking at five years, and through his acceptance of responsibility, through the role adjustment, through the safety valve and his assistance, he's basically reduced his exposure by more than half.

-3-

R. Vol. V at 16–18. The court then made the remark upon which Mr. Chaheine

bases his appeal:

> I look at the sentencing factors, and again, the *Kristl* case, you know,
> whether or not you agree with it, right now it is controlling precedent
> in this circuit, and so I'm looking at the totality of this record, this
> Presentence Report, all the arguments that have been advanced. I
> find that the guideline sentence on the low end of 27 months is a
> reasonable sentence, taking into account the factors of 18 U.S.C.
> § 3553(a).

*Id*. at 18.

Under *United States v. Booker*, 543 U.S. 220 (2005), we review sentences

for reasonableness. Reasonableness has both procedural and substantive

components. *See Kristl*, 437 F.3d at 1054–55. "To impose a procedurally

reasonable sentence, a district court must calculate the proper advisory Guidelines

range and apply the factors set forth in 18 U.S.C. § 3553(a)." *United States v.

Tom*, No. 05-2347, 2007 WL 2193657, at *2 (10th Cir. Aug. 1, 2007) (brackets

and internal quotation marks omitted). A sentence within a correctly calculated

Guidelines range is entitled on appellate review to a presumption of

reasonableness. *See id*. But it is improper for district courts to rely on the

presumption when imposing sentence. *See Rita v. United States*, 127 S.Ct. 2456,

2465 (2007). Rather, the sentencing judge is to consider the facts of the offense,

the defendant's characteristics, and the purposes of sentencing in fashioning an

appropriate sentence. *See id*.

Because Mr. Chaheine did not object to the district court's mention of *Kristl* at sentencing, we review only for plain error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005); *United States v. Atencio*, 476 F.3d 1099, 1105 n.6 (10th Cir. 2007) (en banc footnote). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Gonzales-Huerta*, 403 F.3d at 732 (internal quotation marks omitted). To satisfy the third prong, the defendant must show that the error affected the outcome of the proceedings. *See id.* at 732–33. This includes showing "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *See id.* at 733 (internal quotation marks omitted).

Mr. Chaheine has failed to make this third-prong showing. The district court's comments were directed at why Mr. Chaheine should not be sentenced differently from others with the same offense level and criminal history. Uniformity, of course, is a strong reason for sentencing within the Guidelines range. But recognition of the virtue of "uniformity so people are basically being treated the same for similar conduct," R. Vol. V at 16, is not the same as imposing a presumption of reasonableness for Guidelines sentences. The court's reference to *Kristl* appears to be more a ratification of its previously expressed reasoning than an additional factor that changed the court's reasoning. In short,

Mr. Chaheine has not persuaded us that "the result of the proceeding would have been different," *Gonzalez-Huerta*, 403 F.3d at 733 (internal quotation marks omitted), if the court had not considered *Kristl*.

Mr. Chaheine's sentence is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge