FILED
United States Court of Appeals
Tenth Circuit

July 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DEWAYNE MAYTUBBY,
also known as Tecc Loc, also known
as Tecc,

Defendant - Appellant.

No. 07-6072
(W.D. Oklahoma)
(D.C. No. 5:06-CR-00136-M-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, and upon the court's own

motion, this panel determined that oral argument would not materially assist in

the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). An order was previously entered submitting this case on the briefs.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Michael Maytubby was convicted of eight drug and firearm related charges. In calculating his offense level under the Sentencing Guidelines, the district court included drug quantities that had previously been suppressed at trial. Maytubby appeals the district court's inclusion of the suppressed quantities in the calculation of his offense level. Taking jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court holds that the district court properly considered the suppressed drug quantities.

## I. Background

Maytubby was charged in an eleven-count indictment on a variety of drug trafficking and firearm offenses. He filed a motion to suppress evidence gathered in two separate searches of his home, which occurred on July 6, 2005, and October 17, 2004, and a search of his vehicle. The district court denied the motion as to the October 17 search and the search of the vehicle. It granted the motion, however, to suppress evidence seized in the July 6 search, concluding the search was conducted in violation of the Fourth Amendment. Counts nine, ten, and eleven of the indictment related to the events of July 6. Count nine charged Maytubby with possession with intent to distribute crack cocaine, cocaine, and marijuana in violation of 21 U.S.C. § 841(a)(1). Counts ten and eleven charged firearms violations under 18 U.S.C. §§ 922(g)(3), 924(c)(1)(C)(I). After the evidence was suppressed, counts nine, ten and eleven were dismissed. A jury convicted Maytubby on the eight remaining charges.

The presentence report (PSR) included in its Sentencing Guidelines calculations the drug quantities seized in the July 6 search, which were suppressed by the district court at trial. Maytubby objected to the inclusion of the July 6 quantities in his sentencing memorandum and at his sentencing hearing. The district court overruled his objection, determining, based on *United States v. Ryan*, 236 F.3d 1268, 1272 (10th Cir. 2001), that evidence suppressed at trial may be considered by the sentencing court. Maytubby filed a notice of appeal.

## II. Discussion

On appeal, Maytubby asks this court to reverse his sentence based on a miscalculation of the Guidelines range. *See United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008) ("When a district court does err in calculating the applicable Guidelines range, we must remand for resentencing . . . ."). Specifically, he argues the district court erred in including the suppressed drug quantities from the July 6 search in its calculation of the Guidelines range. He claims the dictionary definition of the word "suppress" demonstrates that suppressed evidence no longer legally exists and cannot be considered by the court under any circumstances. When considering the calculation of a Guidelines range, this court reviews legal questions, such as the one presented here, de novo. *United States v. Tom*, 494 F.3d 1277, 1281 (10th Cir. 2007).

In *United States v. Ryan*, this court held a district court does not err in relying on evidence obtained during an illegal search during sentencing.[1]  236 F.3d at 1272.  Maytubby acknowledges the holding in *Ryan* is directly on point in this case, but argues that this court can disregard that holding because *Ryan* did not address the dictionary definition of the word "suppress."  This argument is without merit.  "Under the doctrine of *stare decisis*, this panel cannot overturn the decision of another panel of this court."  *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000).  Absent *en banc* reconsideration or superseding Supreme Court authority, this court is bound by our prior precedent.  *Id.*; *see also United States v. VanDam*, 493 F.3d 1194, 1198 n.2 (10th Cir. 2007) (holding the panel could not overrule *Ryan* absent *en banc* reconsideration or supervening Supreme Court precedent).  Accordingly, we apply *Ryan* and hold the district court did not err when it considered previously suppressed drug quantities in calculating the applicable Guidelines range.

---

[1]There is an exception to this rule when there is evidence the officers' illegal conduct was undertaken with the intent to secure an increased sentence. *United States v. Ryan*, 236 F. 3d at 1272.  Maytubby, however, does not argue the officers conducting the July 6 search intended to increase his sentence.

## III.  Conclusion

For the foregoing reasons, this court **AFFIRMS** the sentence imposed by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge