FILED
United States Court of Appeals
Tenth Circuit

October 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENImportante CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN ROBLERO-RUIZ, also known
as Juan Maldonado,

Defendant–Appellant.

No. 09-8024

(D.C. No. 08–CR–00185–CAB–1)

(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f).

Defendant pled guilty to one count of conspiracy to unlawfully transfer
identification documents, two counts of unlawfully transferring identification
documents, and one count of distribution of cocaine. The district court agreed
with the presentence report's calculation of a total offense level of thirteen.
Combined with Defendant's criminal history category of I, this resulted in an

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

advisory sentencing guideline range of twelve to eighteen months' imprisonment. However, the district court followed the PSR's recommendation of an upward variance and thus imposed a sentence of twenty-four months.

On appeal, Defendant does not object to the district court's calculation of the applicable guideline range. Rather, he argues that the court committed procedural error by varying upward from this range based on speculation about unproven past crimes and Defendant's propensity for future criminal conduct. He argues that the court did not satisfy Rule 32's requirement of making specific findings about disputed information regarding his work history, possible past crimes, and propensity for future crimes. He further suggests that the court did not adequately explain the reasons for the upward variance. Finally, Defendant argues that the sentence imposed was substantively unreasonable because it involved a significant and unwarranted degree of variance from the guidelines range.

In considering the district court's application of the sentencing guidelines, we review the court's factual findings for clear error and its legal determinations de novo. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). We review the substantive reasonableness of a defendant's sentence under an abuse-of-discretion standard. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1216 (10th Cir. 2008).

At the sentencing hearing, the district court discussed pertinent information

contained in the PSR and then stated:

> Every indication reveals that this defendant was in the process of organizing his business to acquire customers for fraudulent documents, did have the means to produce numbers of fraudulent documents for a price, and was I would say sampling the waters as to the drug business, all terrible decisions and decisions that I feel under 3553 reflect serious conduct on his part in that it encourages a serious violation of the law, that is, the continued coming to this country illegally and the serious consequences that follow from that, as well as the beginnings of a drug trade which is and deserves great censure by this Court. It is not something that this Court would take lightly in any respect and it seems to me that on that basis alone, if not others, would justify a variance upward in this case.

(Doc. 36 at 21-22.) The court then held that an upward variance was warranted by "the defendant's full-time activities or what may be full-time activities at least during the pertinent period of this offense in counterfeiting identification documents, Social Security documents, and one instance of controlled substance delivery" as well as his "willingness to deliver additional quantities" of cocaine to the informant. (*Id.* at 23-24.)

After thoroughly reviewing the record on appeal, we conclude that the district court did not clearly err in concluding that Defendant was in the business of providing false documentation to other individuals and was looking to expand into the narcotics trade as well, and we are not persuaded that the court's decision was based on impermissible speculation or unsupported findings. We also conclude that the court sufficiently explained its findings and its reasons for imposing the sentence selected. Finally, we hold that the district court did not

abuse its discretion by concluding that Defendant's involvement in the business of selling false documents and controlled substances warranted an upward variance of six months from the top of the advisory guideline range under the circumstances of this case.  We therefore **AFFIRM** Defendant's conviction and sentence.

                                        Entered for the Court


                                        Monroe G. McKay
                                        Circuit Judge