**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALAN WADE HUTCHINSON, also
known as Wild Wade, also known as
Allen Wade Hutchinson,

Defendant - Appellant.

No. 14-5133

N.D. Oklahoma

(D.C. No. 4:14-CR-00080-JHP-1)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I.    Introduction

Appellant Alan Wade Hutchinson was charged by a grand jury with being a felon in possession of a firearm and ammunition.  After the United States Probation Office advised the parties that Hutchinson possibly qualified to be sentenced as an armed career criminal, Hutchinson abandoned his plan to plead guilty, proceeded to trial on the charge, and was convicted.  The district court calculated his advisory guidelines range without applying a reduction in his base offense level for acceptance of responsibility but granted his request for a downward variance.  Hutchinson appeals his sentence, arguing the district court committed procedural error by not applying a three-level acceptance of responsibility adjustment when calculating his offense level.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Hutchinson's sentence.

## II.    Background

Hutchinson was arrested in April 2014, in Tulsa, Oklahoma.  At the time of his arrest, officers recovered a semi-automatic pistol and ammunition from a backpack on the ground next to Hutchinson's vehicle.  A federal grand jury charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The charge carried a maximum penalty of ten years' imprisonment.  18 U.S.C. § 924(a)(2).

After initially entering a plea of not guilty, Hutchinson informed the district court he intended to plead guilty. The matter was referred to a magistrate judge for a change-of-plea hearing. On the morning of the hearing, the United States Probation Office advised the parties it believed Hutchinson qualified as an armed career criminal. *See* 18 U.S.C. § 924(e)(1) (setting out a fifteen-year minimum mandatory sentence for individuals with three previous convictions for violent felonies or serious drug offenses). In light of this development, Hutchinson did not plead guilty at the hearing. The Government then filed a pretrial notice of its intention to seek an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *See id.* The matter proceeded to trial on July 15, 2014.

At trial, the Government called four witnesses, including the passenger in Hutchinson's vehicle when he was arrested. This witness testified that the black backpack belonged to Hutchinson. She also testified that she has never owned a firearm. During cross-examination, Hutchinson questioned the witness about the fact her clothing was found in the backpack next to the firearm. He also pursued testimony that the witness and Hutchinson had recently argued over Hutchinson dating other women. During closing argument, Hutchinson not only attempted to impeach the credibility of this witness, but also suggested she had framed Hutchinson out of jealousy. He argued the Government's case was supported only by the testimony of "a girl that has vengeance because of an unfaithful man,

and has ability to carry it out because she tried to run over somebody in the past, and has been guilty of three or four different con games." Hutchinson referred to his theory as his "version of the facts" and asserted it was supported by the evidence.

The jury found Hutchinson guilty and a presentence investigation report ("PSR") was prepared. The PSR concluded Hutchinson's prior offenses placed him in Criminal History Category V. Applying USSG § 2K2.21(a)(4)(A), the PSR applied a base offense level of twenty and did not recommend any reduction in the offense level for acceptance of responsibility. Contrary to the earlier position taken by the Probation Office, the PSR did not apply the ACCA because Hutchinson had only two predicate felony convictions.

Hutchinson filed a written objection to the PSR. Relying on the commentary to § 3E1.1 of the Sentencing Guidelines, Hutchinson argued he was entitled to three-point adjustment for acceptance of responsibility because he never denied possessing the firearm and proceeded to trial only to preserve issues that did not relate to his factual guilt, *i.e.*, application of the ACCA. *See* USSG § 3E1.1 cmt. n.2. ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a

statute to his conduct.)"). At sentencing, the district court stated the following with respect to Hutchinson's request for the acceptance-of-responsibility adjustment:

> While the Court recognizes the defendant's pretrial conduct included the defendant initially announcing his intention to plead guilty, his conduct is not dispositive. Subsequent to the decision to proceed to trial, the defendant persisted in his plea of not guilty. Furthermore, counsel for the defendant presented a theory at trial of the possibility that another individual found with the defendant placed the gun in the defendant's backpack, thereby contesting the essential elements of the intent to possess the firearm.
>
> The defendant has not clearly demonstrated acceptance of his guilt, thus the defendant is not entitled to receive a reduction for acceptance of responsibility.

Notwithstanding its conclusion that Hutchinson was not entitled to the § 3E1.1 adjustment, the district court granted his motion for a three-level variance, citing the "unique progression and factual circumstances" of the case. With the variance, the court calculated Hutchinson's advisory guidelines range as forty-six to fifty-seven months. The court sentenced Hutchinson to forty-eight months' imprisonment. It is from this sentence Hutchinson appeals.

## III. Discussion

Hutchinson argues his sentence is procedurally unreasonable because the district court erred when it calculated his advisory guidelines range. Specifically, he asserts the court erred by not applying the three-level reduction for acceptance of responsibility. This court evaluates a sentence for procedural reasonableness

by "review[ing] the district court's legal conclusions regarding the Guidelines *de novo* and its factual findings for clear error." *United States v. Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008). Whether Hutchinson accepted responsibility for his actions is a factual determination reviewed for clear error. *United States v. Gauvin*, 173 F.3d 798, 805 (10th Cir. 1999). "To constitute clear error, we must be convinced that the sentencing court's finding is simply not plausible or permissible in light of the entire record on appeal, remembering that we are not free to substitute our judgment for that of the district judge." *United States v. Torres*, 53 F.3d 1129, 1144 (10th Cir. 1995).

Although Hutchinson proceeded to trial, the commentary to § 3E1.1 acknowledges he is not precluded from receiving an offense-level reduction for acceptance of responsibility. *See* USSG § 3E1.1 cmt. n.2. But the district court did not deny the § 3E1.1 reduction because Hutchinson proceeded to trial. The court denied the reduction because it found that Hutchinson contested the mens rea element of the charged offense by arguing the passenger in his vehicle placed the firearm in his backpack without his knowledge. *See United States v. Tom*, 494 F.3d 1277, 1281-82 (10th Cir. 2007) (affirming the denial of a § 3E1.1 reduction because the defendant proceeded to trial and claimed he lacked the requisite mens rea for guilt). The record fully supports this finding and, thus, there is no clear error.

## IV.    Conclusion

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge