**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 6, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 24-2148<br>(D.C. No. 2:23-CR-00204-MIS-1)<br>(D. N.M.) |
| TRAPPER KILLSMANY, a/k/a David Goldsmith, | |
| Defendant - Appellant. | |

—————————————————

## ORDER AND JUDGMENT*

—————————————————

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

—————————————————

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Trapper Killsmany pleaded guilty to one count of retaliating against a federal employee by false claim under 18 U.S.C. § 1521 and was sentenced

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

to 27 months of imprisonment followed by two years of supervised release. On appeal, Killsmany argues that the district court's sentence was substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

On November 28, 2022, Killsmany filed false liens against seven Social Security Administration (SSA) employees. These liens were filed in Catron County, New Mexico, and totaled around $20 million. Killsmany had a history of filing false liens against SSA employees because of an unfavorable SSA determination, and he was already enjoined from filing liens without leave of court by the United States District Court for the District of Alaska. A grand jury indicted Killsmany for one count of filing a false claim to retaliate against a federal employee performing their official duties. He subsequently pleaded guilty.

At sentencing, the district court adopted the factual findings of the presentence investigation report, which Killsmany did not object to. The district court calculated Killsmany's total offense level as 17 and his criminal history category as I, resulting in a Sentencing Guidelines advisory range of 24 to 30 months of imprisonment. The Government requested a sentence of 27 months of imprisonment. Defense counsel acknowledged the

advisory range but requested a downward variance to 17-to-18 months of imprisonment.

At sentencing, the district court considered "all the arguments of the parties," including Killsmany's age, personal history, mental and physical health, and the need to avoid unwarranted sentencing disparities. R. III at 18. It likewise considered all the sentencing factors outlined in 18 U.S.C. § 3553(a), "including the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* With this in mind, the district court declined to grant a downward variance, and sentenced Killsmany to 27 months of imprisonment.

## II. DISCUSSION

Killsmany's sole argument on appeal is that his sentence was substantively unreasonable because he should have received a downward variance and been sentenced below the guideline range.

An appeal challenging "substantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (citation and internal quotation marks omitted). "[W]e review the reasonableness of sentencing decisions, whether inside, just outside, or significantly outside the Guidelines range, under a deferential abuse-of-discretion standard." *Id.*

(brackets, citation, and internal quotation marks omitted). Abuse of discretion only exists when a district court "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quoting *United States v. Muñoz-Nava,* 524 F.3d 1137, 1146 (10th Cir. 2008)). Further, if "the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

Killsmany has not overcome the presumption that his guideline sentence was reasonable. On appeal, Killsmany raises the following as reasons why the sentence was unreasonable: (1) the average punishment for offenses under 18 U.S.C. § 1521 is around 17 months; (2) no one was actually harmed by the false liens; (3) Killsmany suffers from mental health issues and delusions; and (4) he is a senior citizen with severe medical problems. Yet each of these factors, as well as others, was explicitly considered by the district court at sentencing.

Weighed against these factors, the district court noted a "need to deter" Killsmany and a "need to protect the public" from him. R. III at 19. These concerns were tied to Killsmany's prior filing of false liens and other past criminal convictions. The court also considered arguments about sentencing disparity but found "no evidence . . . of a sentencing disparity

4

among defendants with similar records who have been found guilty of similar conduct," and that even if there was such evidence, a higher sentence would be "warranted by the facts in this case." *Id.* at 19–20.

There is no indication that any of these factors was given an unreasonable amount of weight, especially when the district court's sentence fell within the Guidelines. Indeed, it would not be an abuse of discretion "even if we would not have struck the same balance in the first instance." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). It was reasonable for the district court to balance the relevant factors under 18 U.S.C. § 3553(a) and still conclude that Killsmany was not entitled to a downward variance.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM**.

Entered for the Court


Richard E.N. Federico
Circuit Judge