**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL WAYNE ZIRGER,

     Defendant-Appellant.

No. 06-8068
(D.C. No. 04-CR-191-B)
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **MURPHY,** Circuit Judge, **McWILLIAMS.** Senior Circuit Judge, and
**McCONNELL,** Circuit Judge.

In a 1-count indictment filed on September 23, 2004, in the United States District
Court for the District of Wyoming, Michael Wayne Zirger (the defendant) was charged
with interstate travel on or about July 15, 2004, to engage in an illegal sexual act with a
person under the age of 12 years, to wit:  the defendant used a computer to make
arrangements to have oral sex with two children believed to be two years of age, and that
he thereafter traveled from Fort Collins, Colorado, to Cheyenne, Wyoming, to meet with
the mother of the two children and have oral sex with the children, in violation of 18

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 2423(b). The defendant pled not guilty to the charge.

Thereafter, pursuant to a plea agreement, the district court, at the request of the United States Attorney, dismissed the indictment, and the United States Attorney on March 4, 2005, filed a criminal information which charged the defendant as follows:

> On or about July 15, 2004, in the District of Wyoming, the Defendant, MICHAEL WAYNE ZIRGER, did travel in interstate commerce to cause another to engage in a sexual act, as defined by 18 U.S.C. § 2246(2)(B), with a person and/or persons under 12 years of age, that would be a violation of 18 U.S.C. § 2241(c), to wit: the Defendant used a computer to make arrangements to encourage another to have oral sex with two children whom he believed to be two years of age, and then the Defendant traveled from Fort Collins to Cheyenne to meet with and watch the other adult have oral sex with said children. In violation of 18 U.S.C. § 2423(b).

In accordance with the plea agreement, the defendant pled guilty to the charge in the information, and the matter was then referred to the Probation Department for a Pre-Sentence Report (PSR). The PSR, prepared on April 8, 2005 and dated May 13, 2005, set defendant's adjusted base offense level at 30, which, when coupled with defendant's criminal history Category I, resulted in a guideline range of 97 to 121 months imprisonment.[1] At sentencing on May 13, 2005, the district court sentenced defendant to

---

[1] Paragraph 11 of the PSR reads as follows:

> Pursuant to U.S.S.G. § 1B1.11, the November 5, 2003, Edition of the *Guidelines Manual* was used in this case, as the application of the *Guidelines Manual* in effect on the date of sentencing creates an *ex post facto* issue in that the defendant would be subject to increased punishment. [No objection was filed by the defendant to that paragraph, although he did file other objections to other paragraphs in the PSR.]

imprisonment for 74 months. The defendant appealed that sentence. On appeal, the parties agreed that the appeal should be dismissed and the case remanded for re-sentencing because the district court in sentencing had at that time believed the guidelines were mandatory. Accordingly, on December 16, 2005, this Court granted the United States' Motion to Remand to the District Court for Re-sentencing and remanded the case to the district court with instructions to vacate its sentence in the case and for resentencing. After an extended re-sentencing hearing, wherein counsel urged the district court to place defendant on probation, the district court on July 28, 2006, again sentenced defendant to imprisonment for 74 months. Defendant appeals again.

On appeal, counsel raises three issues: (1) the district court erred in refusing to consider probation for defendant; (2) the sentence imposed by the district court was not "reasonable" as required by 18 U.S.C. §3553(a); and (3) in determining the defendant's guideline range, the district court, in selecting defendant's offense level, used U.S.S.G. § 2A3.1 and should have used §2G1.3. We disagree and therefore affirm.

## I. Probation

Counsel's basic position on appeal is that although defendant was guilty of the crime alleged in the criminal information, he suffers from severe mental problems and that probation should have been considered by the district court, so that he could receive medical treatment outside a penal institution. In this regard, we would note that in sentencing the defendant, the district court, though rejecting counsel's request that the defendant be placed on probation and allowed to receive medical treatment outside of a

penal institution, spoke, *inter alia*, as follows: "The court makes the following recommendation to the Bureau of Prisons: The Court **strongly** recommends placement at FCI-Butner and that defendant not be placed back at FCI-Big Springs and that defendant be provided with mental health counseling and treatment during his entire incarceration."

As indicated, the defendant pled guilty to the charge of violating 18 U.S.C. §2423(b), interstate travel to engage in illegal sexual conduct with a minor. That offense is punishable by imprisonment for not more than 30 years. This crime, because it carried a maximum term of more than 25 years imprisonment, qualifies as a Class B felony under 18 U.S.C. §3559(a)(2), and pursuant to 18 U.S.C. §3561(a)(1), a person convicted of a Class B felony is not eligible for probation. Thus, the district court did not err in refusing to place defendant on probation.

## II. Reasonableness

Our study of the record persuades us that the district court did comply with the "reasonableness" requirement of 18 U.S.C. §3553(a). In this connection, we would note that the guideline range for the defendant was 97 to 121 months imprisonment, and the district court made a downward departure from the guideline minimum of 97 months imprisonment to 74 months imprisonment.[2] As relates to a general discussion of the "reasonableness" issue, see *United States v. Kristl*, 437 F.2d 1050 (10th Cir. 2006).

---

[2] Permeating counsel's "unreasonableness" argument is his continued belief that defendant, on the record as made, should have been placed on probation. 18 U.S.C. §3561(a)(1) precludes probation for a Class B felon.

### III. Wrong Guideline

Counsel argues that in determining which guideline to use in calculating defendant's offense level, the district court, relying on the PSR, used U.S.S.G. § 2A3.1 and should have used § 2G1.3, which concerns "Promoting a Commercial Sex Act or Prohibited Sexual Conduct." We disagree. § 2G1.3 is not in the U.S.S.G. effective November 5, 2003, which governs the present case. It does appear as § 2G1.3 in the U.S.S.G. effective November 1, 2004. Further, Appendix A of the U.S.S.G. (effective November 5, 2003) specifies that either §§ 2A3.1, 2A3.2 or 2A3.3 is to be used for a violation of 18 U.S.C. §2423(b), the charge to which the defendant pled guilty. Such being the case, because the victims in the present case were only two years old, the PSR and the district court properly used § 2A3.1 as the starting point in their determination of defendant's offense level.

By supplemental brief, counsel suggests that *Cunningham v. United States*, 127 S. Ct. 856 (2007), filed by the Supreme Court on January 22, 2007, dictates a reversal in the present case. We agree with the United States Attorney that *Cunningham* does not change the teaching of *Booker. United States v. Booker*, 543 U.S. 220 (2005).

Judgment Affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge