FILED
United States Court of Appeals
Tenth Circuit

March 6, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VENTURA JAVIER ESTRADA-
RODRIGUEZ,

Defendant - Appellant.

No. 07-2104

(D. New Mexico)

(D.C. No. CR-06-1620 JB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Ventura Javier Estrada-Rodriguez entered a plea of guilty in the United

States District Court for the District of New Mexico to the offense of unlawful

reentry following deportation for committing an aggravated felony. *See* 8 U.S.C.

§ 1326(a), (b). The district court sentenced him to 46 months' imprisonment. On

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal Mr. Estrada-Rodriguez contends that his sentence is substantively

unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under the United States Sentencing Guidelines Mr. Estrada-Rodriguez was

assigned a base offense level of 8 for unlawfully entering the United States. *See*

USSG § 2L1.2(a). He received a 16-level enhancement because he had been

previously deported after being convicted of a crime of violence (false

imprisonment by violence) in California. *See id.* § 2L1.2(b)(1)(A). After a

3-level reduction for accepting responsibility, *see id.* § 3E1.1, his total offense

level became 21.

Mr. Estrada-Rodriguez's criminal-history category under the Guidelines

was IV because he had seven criminal-history points. A conviction for

misdemeanor driving under the influence was assigned one point. *See id.*

§ 4A1.1(c). A conviction for felony false imprisonment was assigned three

points. *See id.* § 4A1.1(a). And he received two additional points because he

committed the instant offense while on probation, *see* USSG § 4A1.1(d), and

received a seventh point because he committed the instant offense within two

years of being released from custody on the felony sentence, *see* USSG

§ 4A1.1(e). The district court, however, departed downward to criminal-history

category III because Mr. Estrada-Rodriguez was "barely" in criminal-history

category IV and the "timing" of his offense had resulted in "pil[ing] these points

on." R. Vol. III at 16. The Guidelines sentencing range was therefore 46 to 57

months' imprisonment, and the court imposed a 46-month sentence.  On appeal Mr. Estrada-Rodriguez argues that this sentence is substantively unreasonable in light of the factors listed in 18 U.S.C. § 3553.

Under *United States v. Booker*, 543 U.S. 220, 261 (2005), we review a sentence for reasonableness.  *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Smart*, No. 06-6120, slip op. at 11 (10th Cir. Mar. 4, 2008).  But a sentence within the Guidelines range is "presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).  Mr. Estrada-Rodriguez has not presented sufficient grounds for overcoming the presumption.

Among Mr. Estrada-Rodriguez's arguments are:  (1) that unlawful reentry is a victimless crime akin to a regulatory offense; (2) that the offense level is based primarily on the defendant's prior record rather than his relevant conduct; (3) that he is being sentenced as harshly as a United States citizen who committed a far more serious crime; and (4) that a below-Guidelines sentence can adequately protect the public, particularly because he will be deported after serving his sentence.  These arguments are unpersuasive because they would apply to almost anyone convicted of the same offense who had the same criminal history.  They thus amount to an attack on the Guidelines themselves, and we are unwilling to state that the conclusions of the Sentencing Commission with regard to the mine-run of cases are unreasonable.

Mr. Estrada-Rodriguez's remaining arguments relate to his specific situation. He states that there were extenuating circumstances surrounding his conviction for felony false imprisonment—namely, that he had confronted the victim because his sister had told him that the victim had repeatedly sexually assaulted her. He also asserts that he had resided in the United States for 20 years before being convicted of a crime and that he has always been gainfully employed. Again we are not persuaded. Reasonable people can differ on whether vigilante action is a proper ground for reducing a sentence; his not engaging in criminal activity when younger is already taken into account in his criminal-history category and the district court's downward departure; and his long-term gainful employment is not particularly atypical or meritorious.

Mr. Estrada-Rodriguez's sentence is therefore AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge