FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS ISAIAS GOMEZ-TORRES,

Defendant - Appellant.

No. 07-2251

(D. New Mexico)

(D.C. No. 1:07-cr-01147-BB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Carlos Isaias Gomez-Torres pleaded guilty in the United States District

Court for the District of New Mexico to the offense of unlawful reentry following

deportation after committing an aggravated felony. *See* 8 U.S.C. §§ 1326(a) and

(b)(2). The court sentenced him to 70 months' imprisonment, the bottom of the

Guidelines range. On appeal Mr. Gomez-Torres contends that his sentence is

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantively unreasonable.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under the United States Sentencing Guidelines Mr. Gomez-Torres was assigned a base offense level of 8 for unlawfully entering the United States.  *See* USSG § 2L1.2(a).  He received a 16-level enhancement because he had previously been deported after being convicted of a crime of violence (aggravated battery against a household member).  *See id.* at § 2L1.2(b)(1)(A)(ii).  After a 3-level reduction for accepting responsibility, *see id.* at § 3E1.1, his total offense level was 21.  Ten criminal-history points placed him in criminal-history category V. Of his ten points, two came from a conviction for driving while intoxicated and driving without a license, one came from a conviction for interference with communications, one came from a conviction for possession of a controlled substance, and three came from a conviction for aggravated battery against a household member and false imprisonment.  He received two additional criminal-history points because the instant offense was committed less than two years after his release from custody and one more point because he committed the instant offense while under supervised release.  The resulting Guidelines range was 70-87 months' imprisonment.  Finding no facts justifying a variance, the district court sentenced Mr. Gomez-Torres to 70 months' imprisonment.

On appeal Mr. Gomez-Torres argues that the following circumstances show that his sentence is too harsh under the factors set forth in 18 U.S.C. § 3553(a):

(1) The aggravated-battery offense was a minor one. The victim had even submitted to the district court a statement that she had not been injured. The Guidelines were particularly harsh because this offense not only increased his criminal-history category but also greatly increased his offense level. (2) The other prior offenses were also minor (for example, his drug offense involved only 1/1000 of an ounce of cocaine) and were instances of aberrant behavior unlikely to occur again. (3) He has family ties to the United States, has lived most of his adult life in the United States, had held the same job for ten years, and has become culturally assimilated. Indeed, his reason for unlawfully returning to this country was his desire to be with his children. (4) A Guidelines offense level of 24, which is the level for offenses such as aggravated sexual abuse of a minor, *see* USSG § 2A3.4(b)(1), and bank robbery with a death threat, *see id.* § 2B3.1, reflects great disparity in sentencing.

Under *United States v. Booker*, 543 U.S. 220 (2005), "we review sentencing decisions for reasonableness . . . ." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Id*. We review under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S.Ct. 586, 594 (2007). Sentences within a correctly calculated Guidelines range are accorded a presumption of reasonableness. *United States v. Kristl*, 437

F.3d 1050, 1055 (10th Cir. 2006); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Mr. Gomez-Torres has failed to overcome the presumption that his within-Guidelines sentence was reasonable. In reviewing the reasonableness of a sentence, we "defer not only to the district court's factual findings but also to its determinations of the weight to be afforded to such findings." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). Here, the district court stated:

> If I were writing on a clean slate, I might conclude that a sentence of less than 70 months was sufficient, but not greater than necessary to comply with [18 U.S.C. §] 3553.
>
> However, given his priors, I cannot ignore the violent nature of those priors, in spite of the victim's statements. I think the guideline range is appropriate here. We frequently see people coming back into this country in this district who are coming back for family purposes, some much more compelling than this.

R. Vol. 3 at 15–16. The district court is in a far better position than we are to assess the nature of prior offenses and whether a defendant's circumstances are exceptional. The court could reasonably have concluded (as it did) that the § 3553(a) factors warranted a 70-month sentence.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge