**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

GARY DEAN BARKDOLL,

      Defendant–Appellant.

No. 09-8010
(D.C. No. 08-CR-00157-WFD-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

      Gary Dean Barkdoll appeals his within-Guidelines sentence of 188 months'

imprisonment for possession of methamphetamine with intent to distribute.

Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we

affirm.

**I**

      Barkdoll pled guilty to possession of five grams or more of

methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1),

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

(b)(1)(B), and 846. He was arrested with approximately one ounce of methamphetamine, which at 47% purity yielded twelve grams of "methamphetamine actual." Barkdoll's presentence report ("PSR") calculated a base offense level of 26 for this quantity of drugs. However, because he qualified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a), the PSR calculated a base offense level of 37. Deducting three levels for acceptance of responsibility, the PSR calculated a total offense level of 34. Barkdoll's extensive criminal history, beginning at age 16, and his status as a career offender yielded a criminal history category of VI.

At his sentencing hearing, Barkdoll successfully objected to the PSR's calculation of his offense level. The district court found that Barkdoll's correct total offense level was 31. Coupled with his criminal history category, Barkdoll's advisory Guidelines range was 188 to 235 months' imprisonment.

Seeking a downward variance, Barkdoll advanced two primary grounds for leniency. First, he implored the district court to consider his short life expectancy. Barkdoll was sixty years old at the time of sentencing and was diagnosed with small cell carcinoma of the lungs in 1993. He was released from federal prison that year on the belief that he had only six months to live. Second, Barkdoll argued that his Guidelines range would have been 37 to 46 months' imprisonment absent his career offender status and the relatively high purity of the methamphetamine with which he was arrested. Barkdoll therefore requested a

sentence of 87 months' imprisonment. The government stated it would not "jump up and down about" a small downward variance but opposed an 87-month sentence. Considering the 18 U.S.C. § 3553(a) factors, the district court imposed a sentence at the bottom of the advisory Guidelines range: 188 months.

## II

Before this court, Barkdoll argues that his sentence is both procedurally and substantively unreasonable. He contends the district court improperly weighed the § 3553(a) factors by ignoring several considerations that counsel in favor of a more lenient sentence, including his age, ill-health, cooperation with law enforcement, and minor role in the drug world.

We review criminal sentences for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 594 (2007). A sentence is procedurally unreasonable if the district court committed a "significant procedural error," such as treating the Guidelines as mandatory, ignoring the § 3553(a) factors, or relying on clearly erroneous facts. United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008) (quotation omitted). A sentence is substantively unreasonable if its length is unreasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. (quotation omitted). We presume that a sentence within a properly-calculated Guidelines range is substantively reasonable. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).

-3-

Our review of the record demonstrates that the district court carefully considered the factors upon which Barkdoll relies, satisfying its procedural duties, and imposed a substantively reasonable sentence. Given his criminal history, the nature of the offense, and the surrounding circumstances, the district court acted within its discretion in imposing a 188-month term of imprisonment. The court's thoughtful treatment of Barkdoll's plea for leniency is worth repeating here:

> Mr. Barkdoll, when I picked up this file yesterday to take a look at it and start thinking about what I was going to do here today, I looked at your picture and I said, "Well, my goodness, what is a 75-year-old man doing using drugs?" And then to my shock, I read your date of birth. You're two years younger than me, 60 years of age. So this is what your addiction—your enslavement to addiction has done to you. And I'm not indifferent to that, but at some point in time I have to put protection of the community above your liberty. I have no confidence that you would not create a continuing problem for law enforcement.
>
> Sadly, Mr. Barkdoll, you've thrown your life away, and I do find that pitiable, but I don't think it warrants a lenient sentence. A judge's mercy has to be tempered by common sense. It is my responsibility to fashion a sentence that is sufficient but not greater than necessary to meet the purposes of sentencing, and the uppermost in my mind is protection of the community. Quite simply, Mr. Barkdoll, enough is enough.

## III

**AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge