FILED
United States Court of Appeals
Tenth Circuit

October 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANTOS ZAMORA-LAINES, a/k/a
Bedolla Ramirez Macario,

Defendant - Appellant.

No. 09-1167

(D. Colorado)

(D.C. No. 1:08-CR-00464-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **SEYMOUR**, Circuit Judges.

---

Santos Zamora-Laines pleaded guilty in the United States District Court for

the District of Colorado to illegal reentry to the United States after deportation.

*See* 8 U.S.C. § 1326. His sole argument on appeal is that his sentence—which he

concedes was within a properly calculated sentencing range under the United

States Sentencing Guidelines (USSG)—was substantively unreasonable because

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

too much weight was placed on his criminal history and not enough on the nature of his offense. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

On September 2, 2008, Mr. Zamora-Laines was found in the United States after having been deported. He had been deported in 2000, 2001, 2002, and 2005. His base offense level under the Sentencing Guidelines was 8. *See* USSG § 2L1.2(a). The district court added 12 levels because of his conviction in 1998 for a felony drug-trafficking offense for which the sentence imposed was less than 13 months. *See id.* § 2L1.2(b)(1)(B). He received a 3-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 17.

Mr. Zamora-Laines's criminal-history level was calculated by giving him (1) 2 points for a 1998 conviction for delivery of a controlled substance, which ultimately resulted in a sentence of six months' imprisonment; (2) 3 points for a 2000 conviction for possession of a controlled substance, for which he was sentenced to six years' imprisonment; (3) 2 points for a 2001 conviction for possession of a controlled substance, for which he was sentenced to 90 days' imprisonment; (4) 3 points for a 2004 conviction for eluding examination and inspection, for which he was sentenced to 24 months' imprisonment; (5) 1 point for a 2007 conviction for providing false information to a police officer and possession of marijuana under one ounce, for which he was sentenced to seven

days' imprisonment; and (6) 2 points because he committed the current offense while he was serving a term of imprisonment. *See id.* § 4A1.1(d).

The total of 13 criminal-history points placed Mr. Zamora-Laines in criminal-history category VI. *See id.* ch. 5, pt. A. His guidelines sentencing range was 51 to 63 months. *See id.* The district court sentenced him to 63 months' imprisonment.

## II. DISCUSSION

Mr. Zamora-Laines does not challenge the district court's guidelines calculation but only the substantive reasonableness of his sentence. In reviewing for substantive reasonableness, we focus on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotation marks omitted). When imposing a sentence, a district court has "broad discretion . . . to consider § 3553(a) factors," *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008), which it abuses only "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted). Because Mr. Zamora-Laines's sentence was properly calculated under the guidelines, it is entitled to a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Mr. Zamora-Laines has not overcome the presumption. His substantive-unreasonableness challenge focuses on the district court's consideration of his criminal history of street-level drug dealing, which he maintains was given "undue weight." Aplt. Br. at 12. He argues that if he were being sentenced for selling a small amount of heroin rather than for illegal reentry, the guidelines range would be only 21 to 27 months' imprisonment. He argues that his 63-month sentence is, therefore, manifestly unreasonable. We are not persuaded. His record shows him to be a recidivist drug offender and further shows a history of continuous reentry after deportation.

## III. CONCLUSION

We AFFIRM Mr. Zamora-Laines's sentence.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge