FILED
United States Court of Appeals
Tenth Circuit

April 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS MARTINEZ-
GARCIA,

Defendant - Appellant.

No. 09-4102

(D. Utah)

(D.C. No. 2:08-CR-00002-TC-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

Defendant Juan Carlos Martinez-Garcia, a Mexican national, pleaded guilty

in the United States District Court for the District of Utah to two counts of illegal

firearms possession and one count of drug possession with intent to distribute.

He was sentenced to 120 months' imprisonment. Mr. Martinez-Gonzales

challenges his sentence (1) as substantively unreasonable because it did not

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reflect mitigating facts and (2) as procedurally unreasonable because the district court (a) did not respond to certain of his arguments at sentencing, and (b) improperly applied the offense-level enhancement under the United States Sentencing Guidelines for possession of a firearm "in connection with" another felony. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

On multiple occasions Mr. Martinez-Garcia sold firearms and drugs to undercover federal agents. The first sale occurred on August 18, 2007. Two days earlier Mr. Martinez-Garcia had discussed selling crack cocaine to the agent. When they met, Mr. Martinez-Garcia showed the agent a pistol he wanted to sell. They haggled over the price, eventually agreeing on $400. After receiving the gun, the agent said that he wanted to buy an "eightball" of methamphetamine and Mr. Martinez-Garcia set the price at $180. R., Vol. 3 at 6 (internal quotation marks omitted). The agent then gave Mr. Martinez-Garcia $580 in cash for the gun and the drugs (which weighed 2.7 grams).

The second encounter was similar. On August 20 another undercover agent arranged to meet Mr. Martinez-Garcia the next day to purchase narcotics and possibly a firearm. When the two met, Mr. Martinez-Garcia took a gun from his waistband and told the agent that he would sell it for $400; the agent agreed to purchase it. The agent next agreed to purchase about 29 grams of powder cocaine

for $700.  The agent then paid Mr. Martinez-Garcia $1100 in cash for the gun and the drugs.

The third sale to an undercover agent was a month later, on September 19. Mr. Martinez-Garcia sold a sawed-off shotgun and two rifles to the agent. Immediately after the sale, Mr. Martinez-Garcia was charged with illegal reentry of a previously removed alien.  He pleaded guilty to that charge under fast-track procedures and received a sentence of 24 months' imprisonment on December 17, 2007.

Soon thereafter, on January 3, 2008, Mr. Martinez-Garcia was indicted on seven counts of firearm and drug offenses.  In exchange for dismissal of the remaining counts, he agreed to plead guilty to three counts:  (1) possession of a firearm by a convicted felon during his first interaction with an undercover agent, *see* 18 U.S.C. § 922(g)(1); (2) possession of cocaine with intent to distribute during his second interaction with an undercover agent, *see* 21 U.S.C. § 841(a)(1); and (3) possession of an unregistered sawed-off shotgun during his third interaction with an undercover agent, *see* 26 U.S.C. § 5861(d).

The presentence report (PSR) prepared by the probation office calculated Mr. Martinez-Garcia's total offense level under the sentencing guidelines to be 29, and his criminal-history category to be V, yielding an advisory guidelines sentencing range of 140 to 175 months' imprisonment.  *See* USSG Ch. 5, pt. A. Included in the PSR's offense-level calculation was a four-level enhancement

under USSG § 2K2.1(b)(6) for the use or possession of a firearm in connection with Mr. Martinez-Garcia's drug sales to the undercover agents.

The district court agreed with the PSR's recommendations and found the advisory guidelines range to be 140 to 175 months' imprisonment. Noting that this would subject Mr. Martinez-Garcia to a longer sentence than received by others who were similarly situated, the court departed downward and sentenced him to 120 months.

## II. DISCUSSION

On appeal Mr. Martinez-Garcia argues that his sentence is both substantively and procedurally unreasonable. We address first the substantive reasonableness of his sentence.

### A. Substantive Reasonableness

Had Mr. Martinez-Garcia been sentenced within the advisory guidelines range of 140 to 175 months' imprisonment, the sentence would be presumptively reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). That is, we would presume that the sentence was neither unreasonably harsh nor unreasonably lenient. The presumption against unreasonable harshness is only strengthened by the district court's downward departure.

Attempting to overcome this presumption, Mr. Martinez-Garcia argues that his sentence was excessive because the district court failed to take account of the prejudice to him resulting from the prosecution of his illegal-reentry offense

-4-

separate from and earlier than the charges in this case. He posits that (1) his conviction of illegal reentry increased his criminal history above what it would have been if that offense had been prosecuted with his firearm and drug offenses, and (2) he could not benefit from consecutive sentences on all his convictions, because he had almost completed his unlawful-reentry sentence when he was sentenced in this case.

But Mr. Martinez-Garcia's 120-month sentence was eminently reasonable for his offenses in light of his criminal history (even disregarding his 2007 illegal-reentry conviction). Between July 2004 and February 2006 he had been convicted after four separate arrests of driving under the influence, burglary, theft, illegal possession of heroin, possession of a dangerous weapon, attempted false evidence of title, and illegal reentry of a previously removed alien. Mr. Martinez-Garcia has not overcome the presumption that his 120-month sentence was reasonable.

### B. Procedural Reasonableness

#### 1. Calculation of Offense Level

Mr. Martinez-Garcia first contends that his sentence is procedurally unreasonable because his offense level under the sentencing guidelines was improperly increased by four levels under USSG 2K2.1(b)(6). Under that provision, a four-level enhancement is appropriate "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense;

or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6). Two application notes clarify the provision. The first states that the provision applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.*, cmt. 14(A). The second states that the provision applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.*, cmt. 14(B)(ii). "Commentary that explains a guideline 'is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with or a plainly erroneous reading of, that guideline.'" *United States v. McClatchey*, 316 F.3d 1122, 1127 (10th Cir. 2003) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

Mr. Martinez-Garcia twice possessed firearms during meetings with undercover agents in which he sold them drugs. He argues, however, that because he had sold and handed over the guns to the undercover agents before he sold them drugs, the enhancement should not apply. But these firearms were in close proximity to the drugs that he sold, so Application Note 14(B) clearly requires the four-level enhancement.

Moreover, even on its own terms, his argument is flawed. The gun sales were not isolated transactions divorced from the drug sales. Before each of the

first two transactions, the undercover agent had spoken with Mr. Martinez-Garcia to arrange a drug purchase. Before the first meeting there was not even the mention of a possible gun purchase. Although the agents and Mr. Martinez-Garcia agreed on the gun prices before the drugs were exchanged, the agents did not pay for the guns until the drugs were also handed over, paying for both simultaneously. Thus, Mr. Martinez-Garcia possessed the guns during the course of the negotiations for the drugs; and he constructively possessed the guns until he was paid for them (at the same time that he was paid for the drugs). *See United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002) (explaining that constructive possession "exists when a person knowingly has ownership . . . over the particular object" (internal quotation marks omitted)).

### 2. Failure to Address Defendant's Arguments

Finally, Mr. Martinez-Garcia argues that his sentence was procedurally unreasonable because the district court failed to consider and explain its rejection of his "principal arguments" for a shorter sentence. Aplt. Br. at 14. Because he did not raise this objection at sentencing, we review only for plain error. *See United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009). "In order to prevail on plain-error review, a party must show there is (1) error, (2) that is plain, (3) which affects the party's substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Mr. Martinez-Garcia's opening brief fails to identify any "principal argument" not considered by the district court. He clarifies in his reply brief that those arguments were that "the applicable guideline range should have been reduced and the sentence run concurrent based on the prior sentence in the reentry case." Reply Br. at 7. But this clarification is untimely. "An appellant cannot hold his specific complaint in reserve until it is too late for the appellee to respond." *United States v. Lewis*, 594 F.3d 1270, 1285 (10th Cir. 2010). Regardless, the court responded to the request for a concurrent sentence, explaining that it was not appropriate in light of the downward departure it had granted him. And to the extent that Mr. Martinez-Garcia complains that the court did not address his argument for an even greater departure, it was sufficient for the court to grant his request in part and explain why it imposed the sentence it did. A district court has no obligation to explain why it did not sentence a defendant differently. *See United States v. Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007). Because the district court committed no error, there was no plain error.

## III. CONCLUSION

The district court's sentence is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-8-