FILED
United States Court of Appeals
Tenth Circuit

April 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY DAVID SMITH,

Defendant-Appellant.

No. 09-1399
(D.C. No. 1:09-CR-00187-REB-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Defendant-Appellant Jeffrey David Smith pleaded guilty in federal district court to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him to a term of imprisonment of 84 months, followed by a three-year term of supervised release. He was ordered to pay restitution in the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amount of $3,200. He now appeals his sentence, contending that the 84-month term of imprisonment was substantively unreasonable. We affirm.

## BACKGROUND

In his plea agreement, Mr. Smith stipulated to the following facts concerning his offense:

> [O]n December 15, 2008, the defendant entered the Alpine Bank branch located [at] 50891 Highway 6, Glenwood Springs, Colorado, wearing a hooded sweatshirt with the hood up and a skull cap to hide his identity. He went to the service desk where he wrote out a note which he handed to the teller while at the same time raising the sweatshirt to reveal what appeared to be a handgun in his waistband. The teller gave him $20, $50, and $100 bills total[]ing $3200.00 from the top drawer. The defendant then asked for the key to the vault and when bank personnel were unable to produce it, he left the bank. The defendant was identified by bank employees from a photographic lineup. The defendant was tracked to Las Vegas, Nevada by his cell phone where he was arrested by local authorities. During a search of his hotel room, a BB pistol matching the [teller's] description of the firearm was found. In his interview, the defendant confirmed that he had robbed the Alpine Bank with this same BB pistol. Alpine Bank's deposits are insured by the FDIC.

R., Vol. I at 9-10.

In the agreement, the Government agreed to recommend a sentence in the bottom half of the applicable sentencing range and stipulated that Mr. Smith should receive the maximum benefit for acceptance of responsibility. It was agreed that either party could ask the sentencing court to depart from the applicable guideline range at sentencing if that party felt there existed aggravating or mitigating circumstances of a kind or degree not adequately taken into

consideration in the guidelines. It was also understood that the sentencing court would not be bound by any position of the parties in imposing sentence.

The Probation Department conducted a presentence investigation and prepared a presentence investigation report and addendum (PSR). In the PSR, the Probation Department calculated Mr. Smith's Base Offense Level at 20. This level was increased by two levels because property of a financial institution was taken, and by three levels because a dangerous weapon was brandished or possessed. It was reduced by three levels for acceptance of responsibility, yielding a total offense level of 22.

In the six years prior to his guilty plea for the current offense, Mr. Smith accumulated several prior criminal convictions involving property crimes, including four felonies. This gave him a criminal history score of 12 points, resulting in a Criminal History Category of V. Based on the total offense level and the criminal history category, the guideline range for imprisonment calculated in the PSR was 77 to 96 months.

At his sentencing hearing, Mr. Smith's counsel sought a downward variance to 57 months' incarceration, a twenty-five percent variance below the guideline range calculated in the PSR. Counsel argued that while both a 77-month sentence and a 57-month sentence were "sufficient," 77 months was greater than necessary. He argued that 77 months was more than the amount necessary to send a message generally or specifically to Mr. Smith; that the extra

time was not necessary to protect society from Mr. Smith; and that a sentence of 77 months would be 250 percent longer than his next most serious sentence in the past. Counsel noted that Mr. Smith's offenses were the result of his gambling addiction; that he had a support system in place; and that he was a bright individual who had begun writing about his gambling problem in the hope of publication and of helping others. Mr. Smith also made a statement in allocution in which he expressed remorse for the robbery and his intention never to commit such a crime again. The PSR noted that he had written a letter apologizing to the teller whom he had threatened.

The government objected to the proposed variance. The Assistant United States Attorney (AUSA) opined that the factors cited by Mr. Smith's counsel formed an insufficient basis for downward variance, which could lead to unwarranted sentencing disparities. The AUSA drew the court's attention to Mr. Smith's total of five felony convictions, including the present offense. He also noted that Mr. Smith had been offered a Salvation Army program to treat his gambling problem but had rejected it because it took too long. Finally, he stated the government approved of the PSR's recommendation of a 77-month sentence, at the bottom of the guideline range.

The sentencing judge then recited a list of statutorally-mandated factors that he had considered in determining an appropriate sentence and which he incorporated in his findings. *See* R. Vol. II, at 17-19. He adopted the PSR,

including its guideline-sentencing calculations, and made specific findings concerning the discrete sentencing factors contained in 18 U.S.C. § 3553(a)(1) through (7). The judge noted that bank robbery "is inherently serious because of its demonstrated potential for death or serious bodily injury to innocent people." R., Vol. II at 20. Moreover, this particular offense was serious and dangerous because Mr. Smith committed it during business hours when innocent bank employees were present and in harm's way, and purported to brandish a handgun.

Although Mr. Smith was an intelligent and articulate individual with superior writing skills, he presented "no special or compelling mitigating circumstances, no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history, [and] no post-offense rehabilitation." *Id.* at 21. While gambling was the explanation given for the offense, it was not an excuse. Moreover, with his four prior felonies, Mr. Smith's criminal history was "relatively aggravated." *Id.* at 22.

Summing up, the district court concluded that Mr. Smith's "philosophy evinces a disrespect for the law and the property and the rights of others, including the tellers whom he victimized and terrorized on December 15, 2008. Various judicial interventions have failed to reform or deter the defendant." *Id.* In order "to provide for just punishment, to promote respect for the law, to protect the public from further crimes of this defendant, to provide adequate deterrence, to provide the defendant an opportunity for rehabilitation and to avoid

unwarranted sentencing disparities," the district court (1) denied a variance, reasoning that a sentence within the guideline range "adequately addresses and satisfies the principles, requirements and needs of [18 U.S.C. §] 3553(a)," and (2) imposed a prison term of 84 months. *Id.* The district court specifically found that this sentence was "sufficient but not greater than necessary to achieve the congressional goals and purposes of sentencing and to satisfy the requirements, principles and needs of Section 3553(a) and (a)(2)." *Id.* at 22-23.

## ANALYSIS

Mr. Smith raises a single issue on appeal: whether his within-guidelines sentence was substantively unreasonable. We review the substantive reasonableness of a sentence under an "abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1391 (2009). A district court's sentence is substantively unreasonable "only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotation omitted). Such an abuse occurs "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). We have also noted that

> in many cases there will be a range of possible outcomes the facts
> and law at issue can fairly support; rather than pick and choose
> among them ourselves, we will defer to the district court's judgment

> so long as it falls within the realm of these rationally available choices . . . . Nonetheless, we will not hesitate to find abuse where a decision is either based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.

*McComb*, 519 F.3d at 1053-54 (quotations omitted).

Because Mr. Smith was sentenced within the advisory guideline range of 77 to 96 months, a rebuttable presumption arises on appeal that his sentence was substantively reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption of reasonableness can be rebutted by showing that the sentence imposed is unreasonable in light of the factors stated in 18 U.S.C. § 3553(a). *Id.*

Mr. Smith argues that the district court gave too much weight to his criminal history, "while giving insufficient weight to his personal circumstances and the impact of those circumstances on his criminal history." Aplt. Br. at 13. He argues that all of his prior convictions and the present offense resulted from his gambling addiction, that his prior crimes were non-violent, that he caused no physical injury to anyone, and that he expressed sincere remorse and a desire to obtain treatment for his gambling addiction and related mental illness. As the record shows, the district court expressly considered Mr. Smith's gambling addiction, finding that it did not excuse his behavior. It noted the dangerous and potentially violent nature of his latest offense, a factor demonstrating escalation from his prior non-violent offenses. While Mr. Smith's remorse was evidenced

by his letter to his victim and his statement at allocution, his criminal history was extensive and he had rejected a program of treatment offered to him. We discern no abuse of discretion in the district court's weighing of these factors.

Mr. Smith also argues that the district court improperly relied on the generic seriousness of bank robbery, without acknowledging the specific circumstances of his offense. We disagree. The district court cited both the generically serious nature of bank robbery and the particular circumstances of Mr. Smith's crime. *See* R., Vol. II at 20-21. The district court's citation of particular circumstances of the offense obviates concern about over-reliance on the crime's generic characteristics. *Cf. United States v. Osborne*, 593 F.3d 1149, 1153-54 (10th Cir. 2010) (per curiam) (upholding upward departure from guideline range where, although district court erroneously opined that high-speed car chases are *always* so dangerous that they warrant automatic upward departure, it also relied on exceptional circumstances of defendant's *particular* high-speed chase).

Finally, Mr. Smith argues that the 84-month sentence was unreasonable because it exceeded the 77-month sentence recommended both in the PSR and by the government.[1]  Neither the PSR nor the government's recommendation was, of

_____

[1]  Mr. Smith complains that the sentencing judge failed to "explicitly [state] why it rejected the recommendation of both the government and the probation officer." Aplt. Br. at 15. This is an argument about procedural rather than substantive reasonableness. In any event, the district court adequately explained

(continued...)

course, binding on the sentencing judge. Moreover, the sentence was in the bottom half of the guideline-sentencing range, which is what the government had agreed to recommend in the plea agreement, and was presumptively reasonable because it fell within the advisory guideline range. In sum, we discern no abuse of discretion in the sentence imposed.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[1](...continued)
its reasons for imposing a sentence of 84 months.