FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

February 19, 2025

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID BRADLEY BURNINGHAM,

    Defendant - Appellant.

No. 24-4023
(D.C. No. 2:06-CR-00715-DS-1)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

In 2017, after completing a 150-month prison term, David Burningham began a 120-month term of supervised release. In November 2023, his probation officer petitioned the court alleging he had violated several conditions of release. Mr. Burningham admitted to some of the alleged violations and the government dismissed the remainder. For the admitted violations, the district court sentenced

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Mr. Burningham's unopposed motion to submit this appeal on the briefs is therefore granted, and the case is ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Burningham to seven months' imprisonment and imposed a new twenty-year term of supervised release. Mr. Burningham appeals that sentence.

The government concedes the district court committed two errors that require resentencing.

First, the parties agree that the district court relied on facts not supported by sufficient evidence. Specifically, when imposing sentence, the district court drew an inference that cash found in Mr. Burningham's possession came from illegal activity. As Mr. Burningham points out, the only apparent support for that conclusion was a statement in the probation officer's violation report that an illegal escort service had "reportedly" been operating from Mr. Burningham's address. Aplt. Opening Br. at 29 (internal quotation marks omitted). However, Mr. Burningham testified that multiple residential units shared the same address and the occupants of one of the other units were responsible for the reported illegal business. The government, which bore the burden of proof, *see United States v. Kristl*, 437 F.3d 1050, 1058 (10th Cir. 2006), did not introduce any evidence connecting the cash to illegal activity and neither cross-examined Mr. Burningham nor argued he was involved in an illegal business. On appeal, the government acknowledges "there was insufficient support for the court's inference that Burningham acquired the cash in his possession by engaging in illegal activities." Aplee. Br. at 15–16.

Second, the district court imposed discretionary conditions of release—in particular, special conditions eleven, twelve, and thirteen—without having included them in its orally pronounced sentence and giving Mr. Burningham the opportunity to

object.  The parties agree this was contrary to the requirement, recognized in *United States v. Geddes*, 71 F.4th 1206, 1215 (10th Cir. 2023), that before imposing discretionary conditions of release the district court must "notif[y] the defendant in-court of the conditions being imposed and allow[] an opportunity for the defendant to object."  By imposing conditions not addressed in-court, the district court's written judgment fell short of this requirement and conflicted with the orally imposed sentence.  *See id.* at 1214 ("If a written judgment and orally pronounced sentence conflict, it is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls."  (brackets and internal quotation marks omitted)).

Given the government's concession of these two errors, and having reviewed the record and applicable law, we vacate the district court's sentence and remand for resentencing and any other proceedings not inconsistent with this order and judgment.  Because the sentence is vacated in its entirety, we need not reach Mr. Burningham's other claims of error.

Entered for the Court

Bobby R. Baldock
Circuit Judge